**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **BOARDWALK APARTMENTS, L.C.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 11-cv-2714-JAR-KMH |
| **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

On December 30, 2011, Plaintiff Boardwalk Apartments, L.C. filed a breach of contract claim against Defendant State Auto Property and Casualty Insurance Co. Defendant answered Plaintiff's Complaint on February 27, 2012, asserting affirmative defenses. On March 19, 2012, Plaintiff filed the motion currently before the Court, Plaintiff's Motion to Strike Defenses (Doc. 11), asking the Court to strike Defendant's affirmative defense based on fraud and its affirmative defense based on the insurance policy's "law and ordinance" exclusion. Defendant responded voluntarily withdrawing the "law and ordinance" exclusion defense but stating that it needed more discovery for its fraud defense. Defendant then filed a Motion for Leave to File Its First Amended Answer and Counterclaim (Doc. 22), in which it seeks to add affirmative defenses and a counterclaim. Plaintiff responded, opposing Defendant's motion. Both motions are fully briefed, and the Court is prepared to rule. As fully explained below, the Court denies without prejudice Plaintiff's motion and denies without prejudice Defendant's motion, allowing Defendant until August 1, 2012, to file a motion for leave to amend, attaching an amendment that complies with the requirements of Rule 9(b) and the directives of this Memorandum and

Order.

## I.     Motion to Strike Defenses

Plaintiff moves to strike Defendant's affirmative defense based on the insurance policy's "law and ordinance" exclusion and its affirmative defense based on fraud.  But because Defendant voluntarily withdrew its "law and ordinance" defense, the Court will only address Defendant's fraud defense.  In its response to the motion to strike the fraud defense, Defendant explains that it needs further information from Plaintiff for the fraud defense and thus asks for an opportunity for discovery before amending its fraud pleadings.

Under Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake," with general allegations only allowed for "malice, intent, knowledge, and other conditions of a person's mind."  Rule 9(b) applies to all claims of fraud or mistake, including affirmative defenses.[1]  To survive a motion to strike, the party alleging fraud must "'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[2]  In other words, the alleging party must specify the "'who, what, where, and when of the alleged fraud.'"[3]

If a pleading is insufficient under Rule 9(b), a court may strike the affirmative defense on

---

[1] *See Fischerman Surgical Instruments, LLC v. Tri-Anim Health Servs., Inc.*, No. 06-2082-KHV, 2007 WL 85666, at *2–3 (D. Kan. Mar. 21, 2007).

[2] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds)*, 924 F.2d 982, 987 (10th Cir. 1992)).

[3] *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1156 (D. Kan. 2007) (quoting *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001)).

2

its own or on motion by a party under Rule 12(f).[4] Although courts generally disfavor motions to strike, granting a motion to strike is solely within the discretion of the district court.[5] Still, when a pleading is insufficient under Rule 9(b), a court should allow the offending party to amend its pleading to conform to the requirements of Rule 9(b), especially in the early stages of litigation.[6]

Here, Defendant asserts fraud as an affirmative defense in its Answer. The entirety of Defendant's affirmative defense of fraud reads as follows:

### KANSAS CHANGES – CONCEALMENT, MISREPRESENTATION OR FRAUD

CONCEALMENT, MISREPRESENTATION OR FRAUD

We will not pay for any loss or damage in any case of:

1. Concealment or misrepresentation of material fact, or
2. Fraud;

committed by an insured at any time and relating to an insurance application, rating, claim or coverage under this policy.[7]

Defendant's Answer fails to include any particularity and simply quotes the insurance policy's provision on fraud without providing any facts or explaining how Plaintiff's conduct violates that provision of the policy. This pleading certainly does not contain the "who, what, where, and when" of the alleged fraud and is insufficient under Rule 9(b).

Defendant asks the Court, however, to excuse the insufficiency of its pleading so that it

---

[4] Fed. R. Civ. P. 12(f).

[5] *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992).

[6] *See Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM-DJW, 2011 WL 2149423, at *4 (D. Kan. June 1, 2011).

[7] Def.'s Answer, Doc. 8 at 6–7.

3

can conduct discovery before amending its answer.  Defendant argues that Plaintiff has not provided all of the relevant facts to Defendant and so Defendant cannot yet determine exactly how Plaintiff has engaged in fraud.  A court may relax the heightened pleading standard for fraud allegations where numerous representations are involved or where the responding party clearly is provided notice of the circumstances of the alleged fraud.[8]  Here, Defendant has not shown how either of these exceptions applies to this case.  Thus, the affirmative defense is insufficient under Rule 9(b).  In light of the policy disfavoring granting motions to strike, however, the Court allows Defendant leave to amend.  On or before August 1, 2012, Defendant may file a motion for leave to amend, attaching an amendment in compliance with Rule 9(b)'s pleading requirements.  If Defendant's amended pleading does not meet the requirements of Rule 9(b), the Court will strike Defendant's fraud affirmative defense.

## II.     Motion for Leave to File First Amended Answer and Counterclaim

For a separate reason, Defendant has moved for leave to file an amended answer and counterclaim.  Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires.[9]  The Supreme Court has indicated that the provision of Rule 15(a) stating that "leave shall be freely given " is a "mandate . . . to be heeded."[10]  Still, the decision of whether to grant a motion to amend is in the discretion of the district court, and in exercising its discretion, the court may consider factors such as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the

---

[8]*VNA Plus v. Apria Healthcare Grp., Inc.*, 29 F. Supp. 2d 1253, 1258 (D. Kan. 1998).

[9]Fed. R. Civ. P. 15(a).

[10]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

futility of amendment.[11]  But as long as no blatant reason exists to deny leave to amend, the Court should grant it.[12]

In the proposed amended answer and counterclaim, Defendant adds affirmative defenses and a counterclaim.  Defendant asserts that during earlier litigation in the United States District Court for the Western District of Missouri ("Missouri litigation") the parties entered an agreement, the Agreed Stipulation of Dismissal Without Prejudice ("Stipulation Agreement")[13] and that under the agreement Plaintiff chose to waive its right to replacement, requiring Plaintiff to immediately refund the excess amount Defendant paid.  Defendant further alleges that although Plaintiff chose to waive its right to replacement, it has not refunded the excess amount paid.  Defendant asserts this waiver under the Stipulation Agreement as a counterclaim and as an affirmative defense.  Plaintiff objects to Defendant's proposed amendment to add allegations of waiver for either the affirmative defense or the counterclaim and argues that under the factors listed above the Court should deny the motion for leave to amend.  Namely, Plaintiff points to undue delay and futility as reasons why the Court should not allow Defendant to amend its answer.

### A.     Undue Delay

Plaintiff argues that Defendant unduly delayed in bringing its claim that Plaintiff waived its rights by failing to diligently rebuild.  Plaintiff further argues that Defendant knew the facts

---

[11] *Id.*

[12] *Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM-DJW, 2011 WL 2149423, at *4 (D. Kan. June 1, 2011) (citing *Crockett v. Heartland Habitat for Humanity*, Inc., No. 10-2333-JTM-KGG, 2011 WL 195791 (D. Kan. Jan. 20, 2011)).

[13] The Stipulation Agreement is attached to Plaintiff's Complaint as Exhibit 2.

on which the claim is based well before it filed its original Answer. As a result, Plaintiff argues that the Court should deny Defendant's motion to amend.

Undue delay on its own is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[14] Futhermore, "'[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"[15] But here, although Defendant knew the facts asserted in its amended answer and counterclaim before filing its Answer, Defendant's delay is not inordinate, especially not compared to the cases cited by Plaintiff to support denial as a result of undue delay. In *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, for example, the party did not file the leave to amend until only a few months before trial, nine months after the court entered partial summary judgment.[16] Similarly, in *Woolsey v. Marion Laboratories, Inc.*, the party waited nearly seventeen months to move to amend and only after the parties had fully briefed motions for summary judgment.[17] Here, Defendant filed its motion much earlier in litigation, well before the close of discovery or the dispositive motions deadline. Indeed, Defendant tried to file its amended answer and counterclaim within the time allowed in the Scheduling Order for motions to amend, but instead of filing a motion for leave to amend, it simply filed the amendment. After striking the amendment, the Court allowed Defendant additional time to file a motion for leave

---

[14]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[15]*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[16]893 F.2d 1182, 1185 (10th Cir. 1990).

[17]934 F.2d 1452, 1456 (10th Cir. 1991).

6

to amend, and Defendant filed this motion within that time limit. Given these circumstances, the Court does not find that Defendant's delay was undue.

### B. Futility

Plaintiff also asks the Court to deny Defendant's motion for leave to amend because it is futile. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason."[18] Thus, if, as Plaintiff argues, the claim is barred by collateral estoppel or res judicata or if it is subject to dismissal under Rule 12(b)(6) for failure to state a claim, the Court may deny the motion.

#### 1. Res Judicata or Collateral Estoppel

Plaintiff asserts that the Court should deny the motion to amend because Defendant's claim only seeks to relitigate the defense of waiver that was already decided in the Missouri litigation. Plaintiff explains that Defendant argued in the Missouri litigation that Plaintiff had forfeited its right to replacement by failing to make an election to replace Building 1. The court in the Missouri litigation concluded that, as a matter of law, Plaintiff had not forfeited this right. Plaintiff argues that Defendant is reasserting this same claim as its waiver affirmative defense and counterclaim. The doctrines of res judicata and collateral estoppel prevent parties "from relitigating issues that were or could have been raised in [a previous] action" or from relitigating an issue of fact or law settled by a previous judgement "in a suit on a different cause of action involving a party to the first case."[19] Plaintiff's argument that Defendant is relitigating the issue of waiver, however, fails under either doctrine because Defendant's affirmative defense and

---

[18] *Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

[19] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

counterclaim were not previously litigated. Contrary to Plaintiff's assertions, Defendant's counterclaim does not assert waiver as a defense or counterclaim. Instead, Defendant's counterclaim alleges that Plaintiff breached the Stipulation Agreement entered into during the Missouri litigation. Defendant asserts that by choosing the waiver option in the agreement but not refunding the amount agreed, Plaintiff's breached the agreement. Thus, Defendant's claim is not one for waiver, but one for breach of the Stipulation Agreement, which is not an issue that was or could have been decided in the earlier litigation. As a result, Plaintiff's argument that Defendant's proposed amendment is futile because it merely relitigates the waiver issue is unpersuasive.

### 2.    Failure to State a Claim

Plaintiff also argues that Defendant's motion to amend is futile because it does not sufficiently plead waiver for the counterclaim and instead merely states waiver as a bare legal conclusion. Plaintiff thus argues that Defendant's assertion of waiver is futile because it is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Again, Plaintiff mischaracterizes Defendant's claims. Defendant is not claiming waiver as a legal conclusion but is instead claiming breach of the Stipulation Agreement, in which waiver is a defined option.[20] Defendant has identified the terms of the Stipulation Agreement that are applicable to its counterclaim, has alleged that Plaintiff has breached its obligation by choosing waiver under the contract but not refunding the money owed, and Defendant has

---

[20]*See* Stipulation Agreement, Doc. 1, Ex. 2 at 3. "If Boardwalk does not so proceed with the replacement of Building #1 within this six-month period, Boardwalk will have waived entitlement to replacement cost under its policy of insurance with State Auto and will only be entitled to the actual cash value of Building #1 in the amount of $1,751,160." The Court may consider materials attached to the Complaint. *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

further alleged damages as a result.[21] Plaintiff's argument that the Court should deny Defendant's motion for leave to amend because Defendant has not plead facts which support the elements of waiver is thus unpersuasive. In sum, the Court finds that Plaintiff has not identified a blatant reason to deny Defendant leave to amend to add the affirmative defenses and the counterclaim.

### C. Insufficiency of Fraud Affirmative Defense

While Plaintiff has not identified a blatant reason for the Court to deny Defendant's motion for leave to amend concerning Defendant's new affirmative defenses and counterclaim, the Court notes, as stated earlier, that the Defendant's amendment must comply with Rule 9(b) and all other directives of this Court's Memorandum and Order. Defendant's proposed amendment asserts the same fraud affirmative defense as its original Answer. Thus, Defendant's proposed amendment attached to its motion for leave does not comply with the Rule 9(b) requirements. Because of this insufficiency, the Court cannot grant Defendant leave to amend with its proposed amendment. The Court thus denies without prejudice Defendant's motion for leave to amend, giving Defendant until August 1, 2012, to file a new motion for leave to amend that complies with the Rule 9(b) requirements and the other directives of this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Strike Defenses (Doc. 11) is DENIED WITHOUT PREJUDICE, subject to Defendant filing a motion for leave to amend, attaching an amendment that complies with the requirement of Rule 9(b).

---

[21]These allegations touch on each of the required elements of breach of contract under Missouri law, where the parties entered into the Stipulation Agreement. *See Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Its First Amended Answer and Counterclaim (Doc. 22) is DENIED WITHOUT PREJUDICE, allowing Defendant to file a second motion for leave to amend.  Defendant may amend its pleading to add the proposed affirmative defenses and the counterclaim, but its fraud defense must also comply with the Rule 9(b) requirements.

**IT IS FURTHER ORDERED** that on or before August 1, 2012, Defendant may file a motion for leave to amend including its proposed additional affirmative defenses and its counterclaim, but if Defendant wishes to assert an affirmative defense based on fraud, Defendant's pleading must be in compliance with the Rule 9(b) requirements and the other directives of this Memorandum and Order.

**IT IS SO ORDERED**.

Dated: July 24, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE