## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARDWALK APARTMENTS, L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-2714-JAR-KMH |
| | ) |
| STATE AUTO PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

On December 30, 2011, Plaintiff Boardwalk Apartments, L.C., filed a breach of contract

claim against Defendant State Auto Property and Casualty Insurance Co., alleging that

Defendant failed to pay Plaintiff's business income loss resulting from a fire that destroyed one

of Plaintiff's apartment buildings ("Business Income Claim"), as required by Plaintiff's

insurance policy ("Policy") with Defendant.  Defendant answered Plaintiff's Complaint on

February 27, 2012, asserting affirmative defenses.  On May 16, 2012, the amendment deadline,

Defendant filed a First Amended Answer and Counterclaim, which was later stricken by the

Court, but which raised issues related to a second insurance claim that Plaintiff had pending with

Defendant, for the cost to replace the apartment building ("Replacement Cost Claim"). The

Replacement Cost Claim was not a subject of Boardwalk's original Complaint, as Defendant had

not yet denied that claim when this litigation began.  On May 21, 2012, Defendant filed a Motion

for Leave to File its First Amended Answer and Counterclaim (Doc. 22), seeking to add

affirmative defenses and a counterclaim, including the claims concerning the Replacement Cost

Claim.  The Court denied without prejudice Plaintiff's motion to strike Defendant's affirmative

defenses and denied without prejudice Defendant's motion to amend, allowing Defendant until August 1, 2012, to file a motion for leave to amend, and requiring that any such motion have attached an amendment that complies with the requirements of Fed. R. Civ. P. 9(b) and the directives of the Court's prior Memorandum and Order.  Defendant has now filed a Second Motion for Leave to File its First Amended Answer and Counterclaim (Doc. 34), seeking to add the affirmative defenses and counterclaim from Defendant's First Motion for Leave to File its First Amended Answer and Counterclaim, and seeking to add additional counterclaims. Defendant further filed a Motion for Judgment on the Pleadings (Doc. 40).  Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and to Amend the Scheduling Order (Doc. 36).  Plaintiff seeks to amend its Complaint to include a Replacement Cost Claim and a claim for business personal property lost in the October 2005 fire.  As alternative counts, Plaintiff seeks to bring claims for misrepresentation and negligent claims handling related to its Replacement Cost claims. Finally, Plaintiff seeks to amend the Court's Scheduling Order.

The motions are fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants  Plaintiff's Motion for Leave to File Its First Amended Complaint and to Amend the Scheduling Order.  Because the Court grants the motion to file an amended complaint, it denies as moot Defendant's First Motion for Leave to File its First Amended Answer and Counterclaim and Defendant's Motion for Judgment on the Pleadings.

**Motion for Leave to Amend Complaint**

Plaintiff moves the Court for leave to amend its Complaint to add counts for breach of contract and alternative tort claims for misrepresentation and negligence.  Defendant objects,

arguing only that the amendment is futile.

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend a complaint as a matter of course within prescribed limits, and allows the court to grant leave to amend "when justice so requires." The court should refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment."[1]

### Undue Delay and Undue Prejudice

Although Defendant does not argue undue delay or undue prejudice, the Court addresses each briefly, in an abundance of caution.

When considering the timeliness of a motion to amend, the court focuses on the reason for delay.[2] An inadequate explanation for the delay warrants denial.[3] In this case, the scheduling order deadline for amending the pleadings was May 16, 2012.[4] This motion for leave to amend was filed August 3, 2012. Plaintiff's explanation for the delay is that Defendant's proposed amended answer operates as a denial of the outstanding Replacement Cost Claim under Plaintiff's insurance policy with Defendant, forcing Plaintiff to seek amendment to assert this issue in this litigation or to file a second lawsuit. The Court has granted Defendant two extensions to file a motion for leave to amend beyond the original deadline, with the latest deadline extended to August 1, 2012. Because the proposed amended complaint raises a new

---

[1]*Ali v. Dinwiddie*, 291 F. App'x 164, 166 (10th Cir. 2008).

[2]*Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

[3]*Id.* ("'[U]nexplained delay alone justifies the district court's discretionary decision' to deny leave to amend and 'courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based sometime prior to the filing of the motion to amend'.").

[4]Doc. 15.

issue not anticipated in the original Complaint or Answer, and because the Court has already granted Defendant two extensions, the Court will not deny the motion for leave on the basis of undue delay.

The Court also will not deny the motion on the basis of undue prejudice. Defendant does not assert that granting Plaintiff's motion to amend the complaint would unduly prejudice Defendant, nor could it. Defendant has pending with the Court a motion to amend its answer in order to raise the issue that Plaintiff seeks to address in its Amended Complaint. Granting Plaintiff's motion would give Defendant an opportunity to file its amended answer, allowing it to fully address the Replacement Cost Claim that arose in its proposed amended answer. Thus the Court finds that granting Plaintiff's motion to amend the complaint does not unduly prejudice Defendant.

### Futility

A motion to amend must be denied as futile if the complaint, as amended, would be subject to dismissal for any reason, including that the motion would not survive a motion to dismiss.[5] Dismissal is proper when the face of the complaint indicates the existence of an affirmative defense such as an applicable statute of limitations.[6]

Defendant argues that Plaintiff's new claims are futile because they are barred by the Policy's five-year limitations period. The policy states:

> LEGAL ACTION AGAINST US
> No one may bring a legal action against us under this Coverage
> Part unless:
> ***

---

[5]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[6]*Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

2. The action is brought within 5 years after the date on which the direct physical loss or damage occurred.[7]

Plaintiff's original Complaint, and its proposed First Amended Complaint, plead that Plaintiff's direct physical loss occurred on October 7, 2005.  Plaintiff filed its original Complaint December 30, 2011, after the putative five-year limitations period expired on October 7, 2010.  As a general matter, a contractual limitations period is valid and enforceable.[8]

Plaintiff argues that it met the purported Policy time limit when Defendant initiated a lawsuit on March 27, 2006, in the United States District Court for the Western District of Missouri,[9] seeking a determination concerning its rights and obligations under the insurance policy.  Plaintiff filed a counterclaim in that case.[10]  Further, Plaintiff argues that Defendant waived the time limit defense and is estopped from asserting the defense based on Defendant's agreement to an Agreed Stipulation of Dismissal Without Prejudice in the 2006 litigation.[11]  In part, the Stipulation provided that "the parties hereby stipulate to the dismissal of the claims in the case that were not resolved by the Court's Orders, without prejudice to and expressly preserving each party's right to reassert any and all remaining claims which one party may have

---

[7]Doc. 4, ¶ 53.  The Policy is attached to the complaint and the proposed first amended complaint.

[8]*See Pfeifer v. Fed. Express Corp.*, 818 F. Supp.2d 1287 (D. Kan. 2011); *Sibley v. Sprint Nextel Corp.,* 2008 WL 2949564, at *6 n.7 (D. Kan. July 30, 2008).  In an appeal in *Pfeifer*, the Tenth Circuit has requested that the Kansas Supreme Court exercise its discretion and decide whether "Kan. Stat. Ann. § 60-501 and/or any public policy, prohibit private parties from contractually shortening the generally applicable statute of limitations for an action." *Pfeifer v. Federal Express Corp.*, 455 Fed. Appx. 813, 813-14 (10th Cir. 2011). To date, the Kansas Supreme Court has not responded to the inquiry.

[9]*State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L. C.*, No. 06-00252, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008).

[10]*Id.*, Answer and Counterclaim.

[11]Ex. 2 to Complaint and Proposed Am. Complaint, Agreed Stipulation of Dismissal Without Prejudice (Doc. 1-2) at 2.

against the other in a court of competent jurisdiction."[12]  The claims in that case "not resolved by

the Court's Orders" included Plaintiff's claims for replacement costs and lost business income.

The Stipulation also provided that,

> Boardwalk has the right to replace Building #1 based on the
> condition that, within six months of the Court's Orders, including any
> appeals thereof, becoming final, Boardwalk has initiated the process
> of replacing the destroyed building by formally seeking municipal
> approval thereof and thereafter proceeds diligently to replace such
> building.

Plaintiff appealed several of the orders entered in the Western District of Missouri Case

and, following action by the Eighth Circuit Court of Appeals, the orders in the Western District

of Missouri Case became final on September 8, 2009.[13]  Plaintiff alleges that, within six months,

it had elected to rebuild Building #1 and notified Defendant of its election.  Plaintiff also alleges

that construction on the replacement was completed as of July 22, 2011.

"An insurer may by its acts and conduct be estopped from asserting a limitation provision

as a defense to an action on the policy. The particular facts of each case will determine whether

or not the equitable doctrine of estoppel should be applied, the decision resting within the court's

discretion."[14]  Here, Defendant caused a delay in processing Plaintiff's claims, from March 27,

2006, to September 8, 2009, by filing suit seeking to avoid payment on Plaintiff's policy.  This

delayed action on the claims by more than three years, and the Court will not now punish the

Plaintiff for a delay Defendant instigated.  Moreover, the Settlement in the prior case appears to

---

[12]*Id.*

[13]*State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L. C.*, No. 06-00252 (W.D. Mo. Sept. 8, 2009).

[14]*Coates v. Metro. Life Ins. Co.*, 515 F. Supp. 647, 650 (D. Kan. 1981).

anticipate that Plaintiff would be free to pursue its claims if and when they became ripe.  Thus

Defendant is equitably estopped from asserting that the current suit was filed out of time.

Defendant argues that the Stipulation also preserved its right to assert the five-year

contractual imitation period and that the Stipulation preserved the contractual limitation period.

These arguments are unavailing.  First, on its face, the Stipulation preserved each party's right to

reassert any and all remaining claims, but this does not prevent the Court from applying an

equitably remedy based on Defendant's delay.  Second, the tolling provision in the Stipulation

provided that "any statute of limitations applicable to the remaining claims shall be tolled for six

months after the Court's Orders, including any appeals thereof, become final,"[15] but this

provision addresses *statutory* limitations, not the contractual limitation in the Policy itself.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave

to File First Amended Complaint and to Amend the Scheduling Order (Doc. 36) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Leave to File its

First Amended Answer and Counterclaim (Doc. 34) and Defendant's Motion for Judgment on

the Pleadings (Doc. 40) are DENIED.

**IT IS SO ORDERED**.

Dated: October 2, 2012

       S/ Julie A. Robinson          
      JULIE A. ROBINSON
      UNITED STATES DISTRICT JUDGE

---

[15]Ex. 2 to Complaint and Proposed Am. Complaint, Agreed Stipulation of Dismissal Without Prejudice (Doc. 1-2) at p. 2.