IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARDWALK APARTMENTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE AUTO PROPERTY AND ) <br> CASUALTY INSURANCE CO., ) <br> ) <br> Defendant, ) <br> ) <br> _____ ) | Case No. 11-2714-JAR |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel defendant to answer Interrogatory No. 12. (Doc. 50).[1] For the reasons set forth below, the motion shall be **GRANTED**.

### Background

This is an action to collect on a commercial property insurance policy issued by defendant for an apartment complex in Lawrence, Kansas. Plaintiff alleges that one building in its apartment complex was totally destroyed by fire on October 7, 2005 and that defendant

---

[1] Plaintiff's motion also sought to compel a complete response to Production Request No. 12. Defendant supplemented its response to this production request and plaintiff concedes that issues concerning Production Request No. 12 have been resolved.

breached the insurance contract by failing to pay Boardwalk's lost business income and the full replacement cost of the building. Plaintiff also alleges that defendant engaged in misrepresentation and negligence while processing plaintiff's insurance claim.

The parties' current lawsuit is complicated by the protracted nature of their insurance dispute and an earlier lawsuit filed in the Western District of Missouri. Highly summarized, defendant apparently paid plaintiff $2,128,794 for the "actual cash value" of the building and advanced $150,000 for business income losses within a few months of the fire. On March 27, 2006, defendant filed a declaratory action against plaintiff in the Western District of Missouri seeking a determination that it had fulfilled its obligations under the policy. The Honorable Nanette K. Laughrey granted partial summary judgment to State Auto on an issue concerning the "actual cash value" of the loss but also ruled that Boardwalk had the right to replace the destroyed building and seek replacement costs within "a timely manner after the resolution of this litigation." State Auto Prop. and Cas. Ins. Co. v. Boardwalk Apartments, Case No. 06-00252-CV-W-NKL, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008), aff'd in part, rev'd in part, 572 F.3d 511 (8th Cir. 2009).[2] In order to expedite the appeal of the partial judgment to the Eighth Circuit, the parties entered into a "stipulation of dismissal without prejudice" and agreed that issues concerning State Auto's obligation to pay "replacement costs" and lost business income remained unresolved. In 2009 the Eighth Circuit reversed

---

[2] The "actual cash value" issue involved a complex analysis of the policy language and Kansas law. The details of the "actual cash value" ruling are not necessary to this opinion and will not be repeated.

Judge Laughrey's decision concerning the "actual cash value" dispute and remanded the matter for further consideration. State Auto Prop. and Cas. Ins. Co. v. Boardwalk Apartments, 572 F.3d 511, 519 (8th Cir. 2009). On remand, a final judgment was entered concerning the "actual cash value" issue on September 8, 2009.

On January 26, 2010, plaintiff elected to rebuild the destroyed building and asserted a claim for lost business income. State Auto requested, and plaintiff provided, additional information concerning the lost business income claim. When the claim was not paid, plaintiff initiated this lawsuit and, in addition to the lost business income, requested the "replacement costs" associated with the rebuilt apartment building.[3]

### Plaintiffs' Motion to Compel (Doc. 50)

This motion concerns plaintiff's Interrogatory No. 12:

> If you deny any of Boardwalk's requests for admission, in whole or in part, state all facts upon which you base each denial, identify all persons with knowledge of those facts, and identify all documents and any other evidence relating to or supporting you denial(s).

Defendant denied Request for Admission Nos. 8-10, 12, 15, 16, 19, 21, 23, and 24 but objected to providing an answer to Interrogatory No. 12. Specifically, defendant contends that the requests for admission "are incomplete, vague, irrelevant, or ambiguously worded

---

[3] The circumstances surrounding the insurance issues are further complicated because plaintiff did not simply replace the destroyed building. Rather, plaintiff razed all the buildings in the complex and constructed multiple smaller apartment buildings. Plaintiff claims to have rebuilt the same number of apartment units that were lost in the fire.

-3-

in an attempt to elicit an admission to a misrepresentation of the facts." Because the requests for admission are flawed, defendant asserts that Interrogatory No. 12 is "overly broad, unduly burdensome, harassing, vague, and ambiguous." As explained in greater detail below, defendant's arguments and objections are not persuasive.

**Request for Admission No. 8**

Request for Admission No. 8 asks defendant to

> admit that as per Exhibit 4 attached, on February 10, 2006 Patrick Bello advised State Auto that he and Boardwalk had reached agreement on the amount of Boardwalk's monthly business income losses (that is, $18,296.24 per month for the first eight months after loss and $16,799.24 per month thereafter), but that an agreement had not been reached as to the duration of the claim.

Defendant "denied" this request without any objection or qualification and now argues that the request for admission is irrelevant because any agreement Patrick Bello (the adjuster) had with the insured was not binding on State Auto. Defendant's objection is non-responsive because plaintiff simply asked whether the *adjuster* and *Boardwalk* reached an agreement, not whether it was binding on State Auto. Contrary to defendant's suggestion, Request No. 8 is not a distortion of the facts or a trick question. Defendant denied a factual statement that, on its face, is relevant to the issue of lost business income and Interrogatory No. 12 simply asks defendant to set forth its evidence showing that the adjuster and Boardwalk did not reach such an agreement. Plaintiff's motion to compel Interrogatory No. 12 concerning Request for Admission No. 8 is **GRANTED.**

**Request for Admission No. 9**

Request for Admission No. 9 asks State Auto to

> admit that, as per the Policy, the duration of the business income claim cannot be ascertained until business is resumed or until it is determined when the premises should be repaired, rebuilt, or replaced with reasonable speed and similar quality.

Defendant argues that this request for admission is irrelevant because language in the policy defines the "period of restoration."

Again, contrary to defendant's objection, Request for Admission No. 9 concerns an issue which is relevant to plaintiff's claim for lost business income. Defendant's explanation in its response brief that the policy language was the basis for its denial should have been set forth in an answer to Interrogatory No. 12. Accordingly, defendant shall provide a formal answer to Interrogatory No. 12 concerning its denial of Request for Admission No. 9.[4]

**Request for Admission No. 10**

Request for Admission No. 10 asks Boardwalk to

> admit you were never informed by Patrick Bello, Terrace, or Boardwalk that Boardwalk disagreed with the business income amounts reflected in Mr. Bello's February 10, 2006 letter to Shan Hare, contrary to Shan Hare's testimony as follows:
>
> Q.    Alright, now, did you disagree with the totals shown on Exhibit

---

[4] Defendant argues that plaintiff has been provided a copy of the policy and that this production should be sufficient. This argument is summarily rejected because plaintiff is entitled to know the specific policy provisions on which defendant relies to deny plaintiff's allegations and claims.

-5-

>    170?
>
> A.   Well, again, there was disagreements from everyone so I'm not – I'm not sure at this point in time.
>
> Q.   Disagreements – who is "everyone" besides you and Mr. Bello?
>
> A.   I – you're right, I shouldn't say "everyone." It was my understanding that the insured was not in agreement with these figures either.
>
> Q.   And how did you get an understanding?
>
> A.   From Mr. Bello. I believe it came from Mr. Bello stating that they were not agreeing to that now.
>
> See August 10, 2007 Deposition of Shan Hare at 130:22-131:11.

Defendant argues that Request for Admission No. 10 is convoluted and poorly phrased but then proceeds to explain why it denied the request for admission. The court agrees that the request for admission is convoluted and poorly phrased but the explanation provided by defendant in its response brief should have been provided in response to Interrogatory No. 12. Accordingly, defendant shall file a formal answer to Interrogatory No. 12 explaining its "denial" of Request for Admission No. 10.

**Request for Admission No. 12**

Request for Admission No. 12 asks defendant to

> admit that on April 17, 2008 you stipulated that the Business Income Claim "will not be ripe for final adjudication until Boardwalk either elects to rebuild Building #1 or until Boardwalk elects against rebuilding or waives its right to rebuild."

Although defendant denied this request for admission, it has not addressed Request for Admission No. 12 in its response to the motion to compel.  Because the discovery request is relevant to the issues in this case, defendant shall provide a formal answer to Interrogatory No. 12 concerning its denial of Request for Admission No. 12.

**Request for Admission No. 15**
**and**
**Request for Admission No. 16**

Request for Admission No. 15 asks defendant to "admit that State Auto agreed to treat the January 26, 2010 letter from David Rein to Michael Cerulo [a Missouri attorney representing State Auto] as Boardwalk's election to rebuild Building 1."  Request for Admission No. 16 asks defendant to "admit that State Auto did not express any 'different understanding' to Boardwalk in response to David Rein's February 11, 2010 letter to Michael Cerulo."  Defendant denied both requests without any qualification or objection.

Because the discovery requests are relevant, defendant shall provide a formal answer to Interrogatory No. 12 concerning its denial of Request for Admission Nos. 15 and 16.

**Request for Admission No. 19**

Request for Admission No. 19 asks defendant to

> admit that State Auto did not express disagreement or concerns in response to the first sentence of the second paragraph of David Rein's January 26, 2010 letter to Michael Cerulo stating "Based upon my review of the Eighth Circuit decision and the parties' stipulations, I believe that Boardwalk would be well within the parties' expectations if

>it does complete those tasks by these deadlines."

Defendant objected that the request for admission was irrelevant and immaterial and the denied the request.

The court is satisfied that the request for admission is relevant to the claims in this case and defendant shall provided a formal answer to Interrogatory No. 12 concerning its denial of Request for Admission No. 19.

**Request for Admission No. 21**

Request for Admission No. 21 asks defendant to

>admit that by letter dated April 23, 2010 from David Rein to Michael Cerulo, you were notified that Boardwalk had made application for a building permit from the City of Lawrence on February 17, 2010.

Defendant objects that Request for Admission No. 21 is harassment and then explains why it denied the request for admission. The court is not persuaded that plaintiff is engaged in harassment. Defendant's current explanation of why it denied Request for Admission No. 21 should have been provided in response to Interrogatory No. 12 and the court orders defendant to formally answer Interrogatory No. 12 concerning Request for Admission No. 21.

**Request for Admission No. 23**

Request for Admission No. 23 asks defendant to "admit that by letter dated July 30, 2010 from Boardwalk's counsel David Rein to State Auto's counsel Michael Cerulo, you

were notified that reconstruction of Building 1 had begun." Defendant answered the request by stating: "Admit that Mr. Rein stated that 'Construction has already begun.' Otherwise, this request is denied." Defendant shall answer Interrogatory No. 12 concerning its response that "otherwise this request is denied."

**Request for Admission No. 24**

Request for Admission No. 24 asks defendant to

> admit that the money State Auto paid that you claim should set off any recovery Boardwalk receives in this matter (whether $2,128,794.17 as alleged in your Answer, or $2,404,409.57 as alleged in your proposed First Amended Answer) was for property losses as stated in *State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.P.*, 2008 WO 474333, *6 at n. 2 (W.D. Mo. Feb. 15, 2008).

Defendant denied the request but did not discuss Request for Admission No. 24 in its response to the motion to compel. Defendant shall answer Interrogatory No. 24 concerning its denial of request for Admission No. 24.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 50)** is **GRANTED**. Defendant shall answer Interrogatory No. 12 on or before **November 28, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of November 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge