**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| BOARDWALK APARTMENTS, L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 11-2714-JAR-KMH |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

On December 30, 2011, Plaintiff Boardwalk Apartments, L.C., filed a breach of contract claim against Defendant State Auto Property and Casualty Insurance Co., alleging that Defendant failed to pay Plaintiff's business income loss resulting from a fire that destroyed one of Plaintiff's apartment buildings ("Business Income Claim"), as required by Plaintiff's insurance policy ("Policy") with Defendant. Defendant filed a Second Motion for Leave to File its First Amended Answer and Counterclaim, seeking to add the affirmative defenses and counterclaim from Defendant's First Motion for Leave to File its First Amended Answer and Counterclaim, and seeking to add additional counterclaims. Defendant further filed a Motion for Judgment on the Pleadings (Doc. 40). Plaintiff filed a Motion for Leave to File First Amended Complaint and to Amend the Scheduling Order (Doc. 36). Plaintiff sought to amend its Complaint to include a Replacement Cost Claim and a claim for business personal property lost in the fire. As alternative counts, Plaintiff sought to bring claims for misrepresentation and negligent claims handling related to its Replacement Cost claims.

In an October 2, 2012 Memorandum and Order, the Court granted Plaintiff's Motion for

Leave to File Its First Amended Complaint and to Amend the Scheduling Order. Because the Court granted the motion to file an amended complaint, it denied as moot Defendant's Second Motion for Leave to File its First Amended Answer and Counterclaim and Defendant's Motion for Judgment on the Pleadings.

Before the Court is Defendant's Motion for Reconsideration (Doc. 55), asking the Court to reconsider its denial of Defendant's Motion for Judgment on the Pleadings. Specifically, the Court held in its October 2 Order that Defendant is equitably estopped from asserting that the current suit was filed out of time, which was the basis for Defendant's motion, and Defendant argues that this holding was in error.

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] Defendant brings this motion under Rule 60(b)(1) and (b)(6). Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[2] Under Rule 60(b), the court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief. The Tenth Circuit has held that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[3] A litigant shows "exceptional circumstances" by satisfying one or more of the grounds listed in Rule 60(b).[4] A party who seeks relief under Rule 60(b) has a high

---

[1] D. Kan. Rule 7.3(a).

[2] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[3] *Zurich v. N. Am. Matrix Serv. Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

hurdle to overcome because such a motion is not a substitute for an appeal.[5]  Whether to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.[6]

The purpose of Rule 60(b) is not to allow the court to revisit issues it has already addressed in the underlying order.[7]  Nor is it intended as a vehicle for the losing party to "advance new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings.[8]  Moreover, Rule 60(b) does not offer a party the opportunity to relitigate its case after the court has rendered a decision.[9]  In other words, a motion for relief from judgment "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[10]

In the motion for judgment on the pleadings, Defendant argued that Plaintiff's new claims were futile because they are barred by the Policy's five-year limitations period.  Plaintiff filed its original Complaint after the putative five-year limitations period expired on October 7, 2010.  As a general matter, a contractual limitations period is valid and enforceable.[11]

---

[5]*Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[6]*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[7]*Palmer v. McKune*, No. 07-3007-SAC, 2008 WL 2051096, at *3 (D. Kan. May 13, 2008) (quoting *Van Skiver*, 952 F.2d at 1243).

[8]*Id*.

[9]*Id*. (citing *Servants*, 204 F.3d at 1012).

[10]*Id*. (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd* 43 F.3d 1484 (10th Cir. 1994)).

[11]*See Pfeifer v. Fed. Express Corp.*, 818 F. Supp.2d 1287 (D. Kan. 2011); *Sibley v. Sprint Nextel Corp.*, 2008 WL 2949564, at *6 n.7 (D. Kan. July 30, 2008).  In an appeal in *Pfeifer*, the Tenth Circuit has requested that the Kansas Supreme Court exercise its discretion and decide whether "Kan. Stat. Ann. § 60-501 and/or any public policy, prohibit private parties from contractually shortening the generally applicable statute of limitations for an action."  455 Fed. Appx. 813, 813-14 (10th Cir. 2011).  To date, the Kansas Supreme Court has not responded to the inquiry.

3

Plaintiff argued that it met the purported Policy time limit when Defendant initiated a lawsuit on March 27, 2006, in the United States District Court for the Western District of Missouri,[12] seeking a determination concerning its rights and obligations under the insurance policy. Plaintiff filed a counterclaim in that case.[13] Further, Plaintiff argued that Defendant waived the time limit defense and is estopped from asserting the defense based on Defendant's agreement to an Agreed Stipulation of Dismissal Without Prejudice in the 2006 litigation.[14] In part, the Stipulation provided that "the parties hereby stipulate to the dismissal of the claims in the case that were not resolved by the Court's Orders, without prejudice to and expressly preserving each party's right to reassert any and all remaining claims which one party may have against the other in a court of competent jurisdiction."[15] The claims in that case "not resolved by the Court's Orders" included Plaintiff's claims for replacement costs and lost business income. The Stipulation also provided that,

> Boardwalk has the right to replace Building #1 based on the condition that, within six months of the Court's Orders, including any appeals thereof, becoming final, Boardwalk has initiated the process of replacing the destroyed building by formally seeking municipal approval thereof and thereafter proceeds diligently to replace such building.

Plaintiff appealed several of the orders entered in the Western District of Missouri Case and, following action by the Eighth Circuit Court of Appeals, the orders in the Western District

---

[12]*State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L. C.*, No. 06-00252, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008).

[13]*Id.*, Answer and Counterclaim.

[14]Complaint and Proposed Am. Complaint, Agreed Stipulation of Dismissal Without Prejudice, Doc. 1-2 at 2.

[15]*Id.*

4

of Missouri Case became final on September 8, 2009.[16]  Plaintiff alleges that, within six months, it had elected to rebuild Building #1 and notified Defendant of its election.  Plaintiff alleges that actual reconstruction of the building cost $3.4 million.

This Court ruled that Defendant caused a delay in processing Plaintiff's claims, from March 27, 2006, to September 8, 2009, by filing suit seeking to avoid payment on Plaintiff's Policy.  "An insurer may by its acts and conduct be estopped from asserting a limitation provision as a defense to an action on the policy. The particular facts of each case will determine whether or not the equitable doctrine of estoppel should be applied, the decision resting within the court's discretion."[17]  This Court ruled that Defendant's suit delayed action on the claims by more than three years and held that it would not now punish the Plaintiff for a delay Defendant instigated.  Moreover, the Court noted, the Stipulation in the prior case appears to anticipate that Plaintiff would be free to pursue its claims if and when they became ripe.

Defendant now argues that the Court misapprehended the nature of the Missouri suit, arguing that the Court erred when it stated that Defendant's suit delayed action on Plaintiff's claims, noting that Defendant had already paid Plaintiff more than $2.1 million for the destroyed building, and that Plaintiff filed a counter claim for the full policy amount, more than $7.2 million.  Defendant maintains that this was a manifest error of fact which, in turn, has lead the Court to commit a manifest error of law in holding that State Auto waived or is estopped from asserting the five-year contractual limitations period.

Defendant's arguments fail.  As outlined in Defendant's memorandum in support of its

---

[16]*State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.C.*, No. 06-00252 (W.D. Mo. Sept. 8, 2009).

[17]*Coates v. Metro. Life Ins. Co.*, 515 F. Supp. 647, 650 (D. Kan. 1981).

motion for reconsideration, Defendant paid Plaintiff roughly $2.1 million for Building #1 and believed that it had fulfilled its obligation under the Policy.  Plaintiff's amended complaint alleges that Plaintiff believed it held a replacement cost policy entitling it to the full cost of replacing its building and that Defendant filed suit in order to avoid paying the full replacement cost.  Further, Plaintiff's amended complaint alleges that Defendant stopped making payments to Plaintiff on Plaintiff's lost business income claim.  These decisions by Defendant delayed action on Plaintiff's claims.  Under the facts as alleged, Plaintiff could not file its replacement cost claim without knowing its full replacement cost, and Plaintiff could not proceed on construction of its building before it knew that Defendant would pay the replacement cost, not a lesser valuation.  Further, under the facts alleged, Defendant stopped making payments to Plaintiff on Plaintiff's lost business income claim because of the trial, and the parties agreed that the business income loss claim would not become ripe for final adjudication until Boardwalk either elected to rebuild Building #1, elected against rebuilding, or waived its right to rebuild.  Thus Defendant's decision to file suit delayed action on the claims that Plaintiff would eventually bring.  The Court did not err in its initial decision on Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 55) is **denied**.

Dated: November 27, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE