**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BOARDWALK APARTMENTS, L.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-2714-JAR-KMH |
| ) | |
| **STATE AUTO PROPERTY AND** ) | |
| **CASUALTY INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On December 30, 2011, Plaintiff Boardwalk Apartments, L.C., filed a breach of contract claim against Defendant State Auto Property and Casualty Insurance Co., alleging that Defendant failed to pay Plaintiff's business income loss resulting from a fire that destroyed one of Plaintiff's apartment buildings ("Business Income Claim"), as required by Plaintiff's insurance policy with Defendant. Defendant answered Plaintiff's Complaint on February 27, 2012, asserting affirmative defenses. After a long procedural history, including three efforts by Defendant to file an amended answer, Plaintiff filed an Amended Complaint in October 2012, adding a Replacement Cost Claim and a claim for business personal property lost in the October 2005 fire. After Plaintiff filed its Amended Complaint, Defendant filed a new Answer and Counterclaim (Doc. 57), and Plaintiff filed a Motion to Dismiss Counts III and IV of State Auto's Counterclaim and Motion to Strike State Auto's Fifth Affirmative Defense (Doc. 63). Counts III and IV of Defendant's Counterclaim, and Defendant's fifth affirmative defense allege fraud, and Plaintiff argues that they fail to state the circumstances of the alleged fraud with particularity as required by Fed. R. Civ. P. 9(b). Plaintiff also argues that Defendant's fifth

affirmative defense is insufficient, under Fed. R. Civ. P. 12(f), and that counts III and IV of Defendant's counterclaim fail to state a plausible claim of fraud as required by Fed. R. Civ. P. 8(a) and so should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Plaintiff's motion, striking Defendant's fifth affirmative defense and dismissing counts III and IV of Defendant's counterclaim. In light of its ruling, the Court does not address the parties' particularity arguments.

## I.     Legal Standard

The Court analyzes a motion to strike an affirmative defense pursuant to Rule 12(f). Under Rule 12(f), a court "may strike from a pleading an insufficient defense." "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."[1] To warrant striking a defense, its insufficiency must be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits."[2] Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.[3] "[T]he decision to grant a motion to strike is within the discretion of the court. If the defense is clearly insufficient as a matter of law, it should be stricken."[4]

The Court analyzes a motion to dismiss counterclaims pursuant to Rule 12(b)(6), which provides a vehicle for a party to challenge the legal sufficiency of a counterclaim. The

---

[1] *Layne Christensen Co. v. Bro–Tech Corp.*, No. 09–2381, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011).

[2] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan.2009).

[3] *Resolution Trust Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan.1993).

[4] *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992).

requirements underlying the legal sufficiency of a counterclaim stem from Rule 8(a), which requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  The claim must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."[6]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth,

---

[5] Fed. R. Civ. P. 8(a).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *Id.*

or merely legal conclusions that are not entitled to an assumption of truth.[12]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13]

## II.     Analysis

The Court will strike Defendant's fifth affirmative defense under Rule 12(f) because it is legally insufficient and will dismiss counts III and IV of Defendant's counterclaim under Rule 12(b)(6) because they do not state plausible claims.  Defendant's fifth affirmative defense argues that Plaintiff breached the insurance policy provision addressing concealment, misrepresentation, or fraud by misrepresenting a material fact, concealing a material fact, or committing fraud when submitting its Business Income Claim.  Count III of Defendant's counterclaim makes the same argument, and count IV alleges common law fraud based on the same facts.  The Court examines the affirmative defense and the two counterclaims together, because all three rely on the same alleged facts, and in all three cases the facts are legally insufficient to support an allegation of fraud, concealment, or misrepresentation.

In a typical insurance fraud claim, the insured misrepresents or conceals a material fact, a fact which the insurer does not know, either when purchasing the policy or when filing a claim.[14]  But in this case, Defendant attempts to make a fraud claim out of an insurance dispute.  Plaintiff submitted a claim based on facts known to both parties; while the parties may disagree about the interpretation of those facts in the insurance claim context, such a disagreement does not make

---

[12]*Id.* at 679.

[13]*Id.*

[14]*Bomhoff v. Nelnet Loan Services, Inc.*, 279 Kan. 415, 422 (2005).

4

the claim submission fraudulent.

To review the factual background, on October 7, 2005, an apartment building in the Boardwalk complex was destroyed by fire. Defendant, who provided insurance coverage for the building and for associated business income, paid Plaintiff roughly $2.1 million for Building #1 and believed that it had fulfilled its obligation under the Policy. Defendant initiated a lawsuit on March 27, 2006, in the United States District Court for the Western District of Missouri,[15] seeking a determination concerning its rights and obligations under the insurance policy. Plaintiff filed a counterclaim in that case.[16] Plaintiff did not begin construction of its building during the suit, because it did not know whether Defendant would pay the replacement cost or a lesser valuation. In April 2008, the parties entered into an Agreed Stipulation of Dismissal Without Prejudice, under which they agreed that

> Boardwalk has the right to replace Building #1 based on the condition that, within six months of the Court's Orders, including any appeals thereof, becoming final, Boardwalk has initiated the process of replacing the destroyed building by formally seeking municipal approval thereof and thereafter proceeds diligently to replace such building.[17]

Plaintiff appealed several of the orders entered in the Western District of Missouri Case, and, following action by the Eighth Circuit Court of Appeals, the orders in the Western District of Missouri Case became final on September 8, 2009. Defendant admits that it received a letter from Boardwalk's counsel, dated January 26, 2010, indicating that it anticipated filing an

---

[15]*State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L. C.*, No. 06-00252, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008).

[16]*Id.*, Answer and Counterclaim.

[17]Doc. 36-3 at 1–2.

5

application for a building permit in mid-February 2010. Plaintiff informed Defendant that the replacement building was completed as of July 22, 2011.

Based on these facts, known to both parties, Plaintiffs made a claim for business income damages from the time of the fire to the date that normal business operations resumed. Defendant argues that this claim is grossly inflated, basing its calculation on the actual restoration period, not the full period Plaintiff had no income from the lost building. In making their claim, Plaintiff also stated that it was prepared to rebuild the lost building immediately following the fire; Defendant maintains that Plaintiff deliberately delayed the rebuilding based on consideration of other factors that the direct physical loss of the building, which would increase the claim for lost business income. Although Defendant tries to build a case for fraud out of these facts, they do not support such a claim. Certainly, the parties disagree about what the facts mean, but the underlying facts themselves—when the building was destroyed, when rebuilding began, how long the rebuilding took, when the rebuilding was completed—are not and were not in dispute. Under Defendant's allegations, Plaintiff's claim submission did not falsify a fact, misrepresent a material fact, or conceal a material fact. Without that element, Defendant cannot state an affirmative defense based on a policy breach through concealment, misrepresentation, or fraud. Further, without that element, Defendant cannot make an successful counterclaim relying on concealment, misrepresentation, or fraud. Thus the Court strikes Defendant's fifth affirmative defense and dismisses counts III and IV of Defendant's counterclaim. The counterclaims do not state a plausible claim, and the affirmative defense is clearly insufficient as a matter of law.

Finally, the Court notes that an affirmative defense or counter claim based on

concealment, misrepresentation, or fraud is unlikely to be well pled on the current allegations. A successful motion for leave to amend would likely require a basis of new facts.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Dismiss Counts III and IV of State Auto's Counterclaim and Motion to Strike State Auto's Fifth Affirmative Defense (Doc. 63) is GRANTED.

**IT IS SO ORDERED**.

Dated: March 12, 2013

                                            S/ Julie A. Robinson

                                            JULIE A. ROBINSON

                                            UNITED STATES DISTRICT JUDGE