**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BOARDWALK APARTMENTS, LLC, )
)
        Plaintiff, )
)
v. )   Case No. 11-2714-JAR
)
STATE AUTO PROPERTY AND )
CASUALTY INSURANCE CO., )
)
        Defendant, )
)
)

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel (Doc. 86) and defendant's motion to compel (Doc. 90).[1] For the reasons set forth below, both motions shall be **GRANTED.**

**Background**

This is an action to collect on a commercial property insurance policy issued by defendant for an apartment complex in Lawrence, Kansas. Plaintiff alleges that one building in its apartment complex was totally destroyed by fire on October 7, 2005 and that defendant

---

[1] Defendant's motion for leave to file Exhibit 9 under seal (Doc. 91) is GRANTED and the exhibit has been considered by the court.

breached the insurance contract by failing to pay Boardwalk's lost business income and the full replacement cost of the building. Plaintiff also alleges that defendant engaged in misrepresentation and negligence while processing plaintiff's insurance claim.

The parties' current lawsuit is complicated by the protracted nature of their insurance dispute and an earlier lawsuit filed in the Western District of Missouri. Highly summarized, defendant apparently paid plaintiff $2,128,794 for the "actual cash value" of the building and advanced $150,000 for business income losses within a few months of the fire. On March 27, 2006, defendant filed a declaratory action against plaintiff in the Western District of Missouri seeking a determination that it had fulfilled its obligations under the policy. The Honorable Nanette K. Laughrey granted partial summary judgment to State Auto on an issue concerning the "actual cash value" of the loss but also ruled that Boardwalk had the right to replace the destroyed building and seek replacement costs within "a timely manner after the resolution of this litigation." State Auto Prop. and Cas. Ins. Co. v. Boardwalk Apartments, Case No. 06-00252-CV-W-NKL, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008), aff'd in part, rev'd in part, 572 F.3d 511 (8th Cir. 2009).[2] In order to expedite the appeal of the partial judgment to the Eighth Circuit, the parties entered into a "stipulation of dismissal without prejudice" and agreed that issues concerning State Auto's obligation to pay "replacement costs" and lost business income remained unresolved. In 2009 the Eighth Circuit reversed

---

[2] The "actual cash value" issue involved a complex analysis of the policy language and Kansas law. The details of the "actual cash value" ruling are not necessary to this opinion and will not be repeated.

Judge Laughrey's decision concerning the "actual cash value" dispute and remanded the matter for further consideration. State Auto Prop. and Cas. Ins. Co. v. Boardwalk Apartments, 572 F.3d 511, 519 (8th Cir. 2009). On remand, a final judgment was entered concerning the "actual cash value" issue on September 8, 2009.

On January 26, 2010, plaintiff elected to rebuild the destroyed building and asserted a claim for lost business income. State Auto requested, and plaintiff provided, additional information concerning the lost business income claim. When the claim was not paid, plaintiff initiated this lawsuit and, in addition to the lost business income, requested the "replacement costs" associated with the rebuilt apartment building.[3]

**Plaintiffs' Motion to Compel (Doc. 86)**

This motion concerns plaintiff's request to compel discovery concerning two areas of information: (1) defendant's policies, practices, and manuals concerning the handling of an insurance claim and (2) defendant's "claims file." The parties' arguments concerning the discovery requests are set forth in greater detail below.

---

[3] The circumstances surrounding the insurance issues are further complicated because plaintiff did not simply replace the destroyed building. Rather, plaintiff razed all the buildings in the complex and constructed multiple smaller apartment buildings. Plaintiff claims to have rebuilt the same number of apartment units that were lost in the fire.

**Defendant's Policies, Practices, and Manuals**

Interrogatory No. 12 asks whether defendant had any "practices, policies, manuals, standards, or procedures related to property loss or business interruption claims" at any time relevant to plaintiff's claims. If so, plaintiff asked defendant to "identify them, when they were implemented, and the dates they were in effect." Production Request Nos. 11, 12, and 13 are closely related and seek production of documents related to defendant's "policies and practices" concerning its investigation, evaluation, and adjustment of property loss or replacement cost claims. Defendant provided information concerning policies and practices in 2005 and 2006 but refused to provide information concerning its policies and practices in 2010, 2011, and 2012. Plaintiff seeks to compel information responsive to its discovery requests for the 2010 to 2012 period of time.

In response to the motion to compel, plaintiff asserts lengthy arguments explaining why plaintiff "had no replacement cost claim in 2010" and that "the complaint fails to allege facts suggesting negligence in the handling of Boardwalk's replacement cost claim in 2011 or 2012." In essence, defendant asserts arguments concerning the substantive merits of plaintiff's claims that are more properly the subject of a Rule 56 motion for summary judgment or Rule 12(b) motion to dismiss for failure to state a claim upon which relief can be granted. Defendant's arguments concerning the merits of plaintiff's claims are misguided and inappropriate in the context of a motion to compel; accordingly, its "objections" are rejected. Plaintiff's discovery requests are relevant to the claims asserted in its complaint and the request to compel information responsive to Interrogatory No. 12, and Production

Request Nos. 11, 12, and 13 for 2010 to 2012 shall be GRANTED.

**Claims File**

Production Request No. 9 seeks production of defendant's "claims file" concerning plaintiff's insurance claims. Again, defendant opposes production based on arguments concerning the merits of plaintiff's claims and the sufficiency of the allegations in the complaint. For the reasons set forth above, these arguments are rejected.

Defendant also argues that the "claims file" documents are protected by the attorney-client privilege or the work product doctrine because the parties "have been in near constant litigation over various aspects of Boardwalk's claim from March 7, 2006 onward." Defendant argues it would be "ridiculous" to require State Auto to produce a privilege log.

Defendant's conclusory argument that essentially everything in State Auto's claims file is protected by the attorney client privilege or work product doctrine is not persuasive. Accordingly, the motion to compel production of the claims file shall be granted and defendant shall produce a privilege log setting forth those matters that are being withheld based on the attorney client privilege and work product doctrine.

**Defendant's Motion to Compel (Doc. 90)**

Defendant's motion concerns the sufficiency of plaintiff's responses to Interrogatory

Nos. 2 and 3 and Production Request Nos. 1 and 2. These discovery requests seek information concerning loans and investments that plaintiff made with the 2.1 million dollars that State Auto paid to plaintiff in February 2006. Defendant contends that the information is relevant to its defense that any income from the 2.1 million dollar payment should be offset against plaintiff's claim for lost business income. Plaintiff provided some information in response to the four discovery requests but defendant seeks a more complete response.

Plaintiff does not dispute the relevance of the requested information but argues that the motion to compel should be denied because defendant failed to comply with the duty to confer required by D. Kan. Rule 37.2 after plaintiff supplemented its responses. Defendant counters that it did confer with plaintiff but, for reasons unexplained, plaintiff did not supplement its responses on February 1 and February 8 as promised but waited until *after* 5:00 p.m. on February 11 to provide its supplemental responses. Because of the 30-day deadline for filing a motion to compel under D. Kan. rule 37.1, defendant argues that it acted in good faith in conferring and filing its motion.

Under the circumstances, the court is satisfied that defendant made a "reasonable effort to confer" as required by D. Kan. Rule 37.2. Moreover, the court has reviewed plaintiff's responses and supplemental responses and agrees that there are gaps and inconsistencies in the information provided by plaintiff. Accordingly, the motion to compel shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 86)** is

**GRANTED.** Defendant shall produce the requested information and/or a privilege log by **April 23, 2013.**

**IT IS FURTHER ORDERED** that defendant's motion to compel **(Doc. 90)** is **GRANTED** and plaintiff shall provide complete responses to Interrogatory Nos. 2 and 3 and Production Request Nos. 1 and 2 by **April 23, 2013.** Defendant's motion to file under seal **(Doc. 91)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of April 2013.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge