IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARDWALK APARTMENTS, L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE AUTO PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 11-2714-JAR-KMH |

## MEMORANDUM AND ORDER

Before the Court are the following motions filed by Defendant State Auto Property and Casualty Insurance Company: (1) Motion for Relief from the Court's August 23, 2013 Order Pursuant to Rule 60 or, Alternatively, to Have the Court Direct Entry of Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 189); (2) Motion for Oral Argument on the motion for relief (Doc. 204); and (3) Motion to Take Judicial Notice of Second Affidavit filed by Ernest M. Fleischer and Boardwalk's Memorandum in Opposition for Purposes of State Auto's Pending Motion for Reconsideration (Doc. 234). These motions are fully briefed and the Court is prepared to rule. As described more fully below, the Court grants the motion to take judicial notice, and denies the motion for relief and the motion for oral argument. The Court further denies Defendant's alternative motion to direct entry of final judgment under Fed. R. Civ. P. 54(b).

**I.    Background**

This case has a tortured procedural history, particularly given the length of time that it has been on file. On December 30, 2011, Plaintiff Boardwalk Apartments, L.C. ("Boardwalk"),

filed a breach of contract claim against Defendant State Auto Property and Casualty Insurance Co. ("State Auto"), alleging that Defendant failed to pay Plaintiff's business income loss resulting from a fire that destroyed one of Plaintiff's apartment buildings ("business income claim"), as required by Plaintiff's insurance policy with Defendant.

Several amendments to the pleadings followed by both parties. Plaintiff filed an Amended Complaint adding a replacement cost claim and a claim for business personal property lost in the October 2005 fire. After Plaintiff filed its Amended Complaint, Defendant filed a new Answer and Counterclaim,[1] to which Plaintiff filed a motion to dismiss Counts III and IV of the Counterclaim and to strike State Auto's fifth affirmative defense.[2] Counts III and IV of Defendant's Counterclaim, and Defendant's fifth affirmative defense alleged fraud, and Plaintiff argued that State Auto failed to state fraud with particularity, as required by Fed. R. Civ. P. 9(b). Plaintiff also argued that Defendant's fifth affirmative defense was insufficient, under Fed. R. Civ. P. 12(f), and that Counts III and IV of Defendant's counterclaim failed to state a plausible claim of fraud as required by Fed. R. Civ. P. 8(a), and so should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted that motion, finding that the alleged fraud claims were one in the same as the insurance dispute. Because Plaintiff submitted a claim based on facts known to both parties, there was no allegation that would support the element of misrepresentation or concealment. The Court found that the parties' disagreement about the interpretation of certain facts in the insurance claim context does not make the claim submission itself fraudulent.

Defendant filed its Second Amended Answer to Complaint and Counterclaims on May

---

[1] Doc. 57.

[2] Doc. 63.

15, 2013,[3] after the Court granted its unopposed motion for leave to amend. Plaintiff moved for partial dismissal of the Counterclaim and moved to strike certain defenses.[4] Plaintiff argued that Defendant's second and sixteenth through twenty-first affirmative defenses were insufficient, under Fed. R. Civ. P. 12(f), and that Counts VI through XI of Defendant's Counterclaim failed to state a plausible claim and should be dismissed under Fed. R. Civ. P. 12(b)(6). The Court agreed and granted Plaintiff's motion in a Memorandum and Order filed on August 23, 2013.[5]

Defendant's sixteenth through twenty-first affirmative defenses are based on allegations that Plaintiff breached the insurance policy provision addressing concealment, misrepresentation, or fraud, by misrepresenting a material fact, concealing a material fact, or committing fraud when submitting its business income claim.[6] Specifically, Defendant alleges that in July 2010, it requested Plaintiff's complete federal income tax returns for 2004–2007, in order to process Plaintiff's business income claim. Plaintiff's counsel sent copies of Boardwalk's 2004–2009 federal income tax returns both in support of Boardwalk's business income claim and in response to Defendant's request for information. In August 2011, Defendant again asked for Plaintiff's complete federal income tax returns for 2004–2007, and Plaintiff again sent copies of Boardwalk's 2004–2009 federal income tax returns.

Defendant alleges that the federal income tax returns did not truly, correctly, and completely reflect, include, disclose or account for all of the interest income Boardwalk derived

---

[3]Doc. 126.

[4]Doc. 127.

[5]Doc. 189.

[6]The Court's ruling on Defendant's second affirmative defense, that Plaintiff's action is time-barred, is not at issue on the motion to reconsider.

from its investments, including the $2,128,794.17 it received from Defendant as indemnity for the 2005 fire. Defendant also alleges that Plaintiff's 2006, 2007, and 2008 federal income tax returns do not truly, correctly, and completely reflect, disclose or state that the apartment building was no longer tenantable, in that Boardwalk continued to take the full amount of depreciation for it even after it was rendered untenantable by the October 7, 2005 fire.

Counterclaim Counts VI through XI rely on the same factual allegations. Count VI is for breach of the insurance contract based on the policy provision barring misrepresentation of a material fact relating to the claim. Count IX is for breach of contract based on concealment of a material fact relating to the claim. Counts VII and X are alternative claims for breach of contract based on negligent misrepresentation and concealment of material facts relating to the claim. Counts VIII and XI are alternative counts for breach of contract based on fraudulent misrepresentation or concealment of material facts relating to the claim. The Court examined the affirmative defenses and the counterclaims together because all Defendant's claims and defenses rely on the same alleged facts; facts that the Court found are legally insufficient to support an allegation of fraud, or some lesser form of concealment and misrepresentation.

In granting the motion to strike and dismiss, the Court found that the allegations in the Answer, assumed to be true and viewed in the light most favorable to Defendant, do not support a claim for misrepresentation or concealment of a material fact. First, the Court found that Defendant is unable to support a claim for any misrepresentation or concealment because information about the investments from the indemnity payment were known to both parties. The Court further found that the information alleged to have been misrepresented or concealed was not material.

4

Defendant moves for relief from the Court's August 23, 2013 Order, arguing that the Court erred in granting the motion to strike and dismiss as to the counterclaims and defenses.

## II. Motion for Judicial Notice

Defendant asks the Court to take judicial notice of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment,[7] and Ernest M. Fleischer's affidavit,[8] which was offered in support of that brief, in considering the motion for relief from judgment. Under Fed. R. Evid. 201, the Court may take judicial notice at any time of the proceeding of a fact "that is not subject to reasonable dispute because it[] an be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[9] Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[10] Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.[11]

Plaintiff argues that its summary judgment brief and the Fleischer affidavit should not be judicially noticed because they are pleadings filed in this case, whereas judicial notice is only appropriate for court documents filed in other cases. The Court disagrees and finds that documents filed within this case are appropriate for judicial notice; their accuracy cannot reasonably be questioned. However, as described below, the Court's consideration of these documents is limited. It does not consider these documents as proof of the matters asserted

---

[7] Doc. 224.

[8] Doc. 238-1.

[9] Fed. R. Evid. 201(b)(2).

[10] *Tal v. Hogan*, 453 1244, 1264 n.24 (10th Cir. 2006) (citation and quotation marks omitted).

[11] Fed. R. Evid. 201(c)(2).

5

therein. And as described below, the Court does not find that they bolster Defendant's arguments on the motion for relief from judgment.

## III. Motion for Relief from Judgment

### A. Legal Standard

Defendant brings this motion under Rule 60(b)(1) and (b)(6). Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[12] Under Rule 60(b), the court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." The Tenth Circuit has held that Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances."[13] A litigant shows "exceptional circumstances" by satisfying one or more of the grounds listed in Rule 60(b).[14] A party who seeks relief under Rule 60(b) has a high hurdle to overcome because such a motion is not a substitute for an appeal.[15] Whether to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.[16]

The purpose of Rule 60(b) is not to allow the court to revisit issues it has already addressed in the underlying order.[17] Nor is it intended as a vehicle for the losing party to

---

[12]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[13]*Zurich v. N. Am. Matrix Serv. Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[14]*Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

[15]*Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[16]*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[17]*Palmer v. McKune*, No. 07-3007-SAC, 2008 WL 2051096, at *3 (D. Kan. May 13, 2008) (quoting *Van Skiver*, 952 F.2d at 1243).

6

"advance new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings.[18] Moreover, Rule 60(b) does not offer a party the opportunity to relitigate its case after the court has rendered a decision.[19] In other words, a motion for relief from judgment "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[20]

**B.    Discussion**

The Court finds that the instant motion for relief fails under the applicable standard. The Court has already addressed the issues presented by Defendant's motion, and it is a clear attempt to relitigate those issues. Contrary to Defendant's suggestion, the Court understands the issues presented, but disagrees that they are so complicated that oral argument must supplement the lengthy briefing. For these reasons, the Court does not find that oral argument would materially assist it in disposing of this motion. And importantly, the Court finds that oral argument would not serve the Court's strong interest in judicial efficiency, given that the parties continue to amend and litigate the propriety of the pleadings almost two years after the case was originally filed. It is time that the case proceeds so that the Court can consider the pending summary judgment motions and motions in limine.

Nevertheless, the Court will address Defendant's claims that the Court erred by misapprehending the facts and law at issue on the motion to strike and dismiss in its August 23 Order. First, Defendant argues that the Court erred by finding no misrepresentation or

---

[18]*Id.*

[19]*Id.* (citing *Servants*, 204 F.3d at 1012).

[20]*Id.* (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

7

concealment on the facts as alleged in the Second Amended Answer and Counterclaim. Defendant argues that the Court misapprehended the facts by failing to comprehend the contours of its various misrepresentation claims. Defendant argues that the Court misapplied the law to its claims by failing to distinguish between the elements of proof on its claims for misrepresentation, negligent misrepresentation, and fraudulent misrepresentation.

To be sure, the Court dealt with Plaintiff's affirmative defenses and counterclaims in the same analysis. They all deal with the same insurance policy provision and, as the Court explained, they all are based on the same set of alleged facts. And despite Defendant's best attempts to distinguish between the various elements of these claims, it cannot dispute that they all require Defendant to establish a material misrepresentation or omission. The Court found that Defendant's allegations were insufficient to establish these claims and defenses because they are premised on information that was known to both parties and because they are not material. Misrepresentation, whether fraudulent or negligent, requires an untrue statement or omission of material fact.[21] Because the Court's ruling turned on its determination that these elements were not met, it is of no consequence that it declined to consider the varying levels of knowledge and intent that differentiate Defendant's claims. Defendant is simply incorrect that the Court dismissed the misrepresentation and negligent misrepresentation claims without explanation.

The Court next turns to the scope and materiality of the alleged misrepresentations and omissions. First, the Court explained that the alleged facts showed Defendant knew about its

---

[21]*See, e.g.*, *Indy Lube Invs., LLC v. Wal-Mart Stores, Inc.*, 199 F. Supp. 2d 1114, 1119, 1122 (D. Kan. 2002) (setting forth elements for fraudulent and negligent misrepresentation); *DuShane v. Union Nat'l Bank*, 576 P.2d 674, 678 (Kan. 1978) (setting forth claim for fraud by omission). Despite the repeated citations and discussion of this issue, there is no dispute that Defendant may pursue the policy exclusion for a material misrepresentation short of fraud. *See Nat'l Bank of Andover v. Kan. Bankers Sur. Co.*, 225 P.3d 707, 716 (Kan. 2010).

own payments to Plaintiff and the fact that Plaintiff invested them when it asked for Plaintiff's tax returns in 2010. The Court rejected Defendant's theory that its misrepresentation claim could be premised on Plaintiff failing to report certain items on its tax returns of which Defendant was already aware.

Defendant argues that although it may have been aware that Plaintiff earned interest income on its investments during the tax years in question, it did not know exactly how much, which is the basis of its misrepresentation claims. But the Court reviewed the tax returns and found that they would not have reflected this information. As such, there could not be an untrue statement of fact, nor a concealment, of interest or investment income. As Boardwalk correctly notes in the response memorandum, Defendant has not alleged or shown through the tax returns that the amount of investment, rate of return, or type of return, would have been reflected on these documents. And there is no allegation in the Answer that Defendant requested the specific information that it alleges was misrepresented or omitted on these forms. Instead, it simply requested the tax forms. There is no allegation that Defendant asked for a report of investment information or interest income associated with the State Farm payments, to which Plaintiff misrepresented or omitted material facts.

Next, Defendant argues that the Court erred in finding that any alleged misrepresentation or concealment on the tax forms did not concern "material" facts. Both parties agree that the appropriate standard for materiality is whether "a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented."[22] Materiality is a mixed question of law and fact; the Court may decide the issue as a matter of law "if reasonable

---

[22] *Long v. Ins. Co. of N. Am.*, 670 F.2d 930, 934 (10th Cir. 1982).

9

minds could not differ on the question."²³

In discussing the issue of materiality, the Court in its August 23 Order stated that the tax return filings, "even if they were altered to reflect the investment and payments at issue, would not provide sufficient detail for the insurer to resolve the claim."²⁴ Pointing to this language, Defendant argues that the Court applied the wrong materiality standard. But the Court did not hold that "resolving the claim" was the standard for materiality, and it did not err in considering how State Farm would have used the tax return filings. Defendant argues that a reasonable insurer would certainly attach importance to the actual amount of its insured's gross receipts in considering a business income claim. But that is exactly the problem with Defendant's claim—the tax returns did not and would not reflect those gross receipts. Defendant would have required other information to determine the investment information and interest income associated with its earlier known payment to Plaintiff on the indemnity claim. It would not have been evident from the tax return filings, therefore, it would not have been material to Defendant's claims that Plaintiff omitted or misrepresented material facts in its efforts to support the business income claim.

In the motion for judicial notice, Defendant argues that statements made by Plaintiff on summary judgment and in an affidavit submitted by Fleischer, a member of the Plaintiff LLC, shows that the alleged misrepresentations and omissions were material. Defendant argues that these documents acknowledge the difference in interest income reported on Plaintiff's tax returns, and the actual interest income—information that Defendant did not know when Plaintiff

---

²³*Id.*

²⁴Doc. 189 at 8.

submitted the tax returns in support of its business income claim.

At most, in taking judicial notice of these documents, the Court may consider only the position taken by Boardwalk on summary judgment, and the fact that Boardwalk acknowledges that the amount of interest income on certain tax return documents was incorrect. It does not consider the truth of the matters stated in those documents. Boardwalk takes the position that it overreported interest income on its tax returns; it also takes the position that the interest income that is not associated with operating the apartment complex is irrelevant to its insurance claims in this case. As the Court has already explained in several orders, a disagreement over the amount of the insurance claim—the issue before the Court on summary judgment—does not convert Defendant's claim into one for negligent or fraudulent misrepresentation.

Defendant makes much of the fact that Plaintiff presents its version of the correct interest income computation as a "material" fact on summary judgment, yet does not claim that the actual amount of interest is "material" in the context of Defendant's misrepresentation claims and defenses. But the inquiries are not the same. On summary judgment, the Court looks to whether there are genuine disputes of material facts as to each claim.[25] Under that analysis, a fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[26] As already discussed above, the materiality inquiry on this motion was substantive—whether a reasonable insurer would attach importance to a certain fact. And notably, Boardwalk was *responding* in its brief to Defendant's motion for summary judgment, which argued that there is no genuine issue of material fact on the business income claim. The

---

[25]*See* Fed. R. Civ. P. 56(a).

[26]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

Court declines to make any finding that Plaintiff has taken inconsistent positions. It is clear that the parties vehemently disagree about the correct amount that Plaintiff is due on the business income claim. Whether certain investment or interest income must be set off from the amount due to Plaintiff is at issue on summary judgment, but as the Court has repeatedly ruled in this case, a disagreement over the claim calculation does not convert the claim submission and supporting documents into material misrepresentations.

Defendant also argues that the Fleischer affidavit establishes Plaintiff's knowledge and intent about the incorrect figures that were included on the tax filings. But, as discussed above, the knowledge and scienter requirements on Defendant's counterclaims were not at issue on the motion to dismiss and strike. Defendant's affirmative defenses and counterclaims were dismissed and stricken on the common elements of those claims—failure to allege facts that plausibly demonstrate material misrepresentations or omissions. Defendant's motion for relief under Rule 60 is denied.

## IV. Motion for Entry of Final Judgment under Rule 54(b)

Defendant asks the Court to certify the Court's August 23 Order under Fed. R. Civ. P. 54(b) and direct final entry of judgment. Under Rule 54(b):

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Tenth Circuit directs district courts, before entering a Rule 54(b) certification, to "'clearly articulate their reasons and make careful statements based on the record supporting their determination of "finality" and "no just reason for delay" so that we [can] review a 54(b) order more intelligently[ ] and thus avoid jurisdictional remands.'"[27]

The Court must make two express findings in order to grant certification under Rule 54(b): that the judgment is final, and that there is no just reason for delay of the entry of judgment.[28] In considering these requirements, the Court is to weigh the rule's "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal."[29] Factors to consider include, "'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'"[30]

While Defendant is correct that the Court's August 23 Order did constitute an ultimate disposition of the counterclaims at issue, the Court cannot conclude that there is no just reason for the delay of the entry of final judgment on that Order. While the counterclaims and affirmative defenses may be legally separate from the insurance claims that remain in this case, they are by no means factually separate, as Defendant argues in its motion. Defendant alleges on its counterclaims that Plaintiff misrepresented, either negligently or fraudulently, information on

---

[27]*Stockman's Water Co. v. Vaca Ptnrs., L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)).

[28]*Id.*

[29]*Id.*

[30]*Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

its tax returns that were submitted in support of the business income claim—a claim that has not been disposed of in this matter. The partial summary judgment motion filed by Defendant makes many of the same arguments advanced in this motion—arguments about the correct calculation of business income under the insurance policy. The parties vehemently dispute the proper calculation of those benefits. It appears very probable that there may be factual issues that cross over such that the appellate court may be called upon to decide them more than once if there are multiple appeals. The Court therefore finds that the policy of preventing piecemeal appeals outweighs any risk of hardship to Plaintiff in this matter from the delay in appealing the Court's August 23 Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Take Judicial Notice of Second Affidavit filed by Ernest M. Fleischer and Boardwalk's Memorandum in Opposition for Purposes of State Auto's Pending Motion for Reconsideration (Doc. 234) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief from the Court's August 23, 2013 Order Pursuant to Rule 60 or, Alternatively, to Have the Court Direct Entry of Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 189) and Motion for Oral Argument on the motion for relief are **denied**.

**IT IS SO ORDERED**.

Dated: November 25, 2013

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE