# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARDWALK APARTMENTS, L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE AUTO PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 11-2714-JAR-KMH |

## MEMORANDUM AND ORDER

Before the Court is Defendant State Auto Property and Casualty Insurance Company's Motion to Continue Trial (Doc. 242). Plaintiff has responded and opposes the motion. As described more fully below, the Court grants State Auto's motion to continue the trial date in this matter by one week.

This is an insurance dispute that was set for trial on June 16, 2014, a setting prompted by the parties' July 2013 motion for an extension of the dispositive motions deadline. Judge Humphreys conferred with the parties in advance of ruling on that motion and asked for their availability on June 16, 2014. Mr. Cockerham, counsel for State Auto, advised the court of a conflict on June 16 and June 23, 2014. Judge Humphreys determined that it was unnecessary at that time to continue the trial date and noted that the parties could seek a continuance if Mr. Cockerham's conflicts could not be resolved closer to that trial date. State Auto's instant motion to continue trial is based on the same conflict with Mr. Cockerham's schedule first raised with Judge Humphreys, on June 18 up and through June 21, 2014. Boardwalk Apartments, LLC, has responded and opposes moving the trial date, arguing that State Auto has been on notice of the

trial date and that counsel has a duty to accommodate the Court's setting.

It is within the Court's sound discretion whether to grant a motion to continue.[1] The Court considers the following relevant factors:

> "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance. . . . No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[2]

The Court has considered the above factors and finds that a trial continuance should be granted. State Auto raised this conflict in July, before the court set the trial for June 16, 2014. State Auto's conflict did not resolve itself since that time, so it properly sought a limited continuance. The Court can accommodate this conflict and shall reschedule the trial for June 24, 2014.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant State Auto Property and Casualty Insurance Company's Motion to Continue Trial (Doc. 242) is **granted**. Trial is continued to June 24, 2014 at 9:00 a.m. in Kansas City, Kansas.

Dated: January 8, 2014

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE

---

[1] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).

[2] *Id.* (quoting *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987)).