# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BOARDWALK APARTMENTS, L.C., )
)
Plaintiff, )
)
v. ) Case No. 11-2714-JAR-KMH
)
STATE AUTO PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
)
Defendant. )

## MEMORANDUM AND ORDER

Before the Court is Defendant State Auto Property and Casualty Insurance Company's Motion to Exclude (Strike) Proposed Expert Testimony of Plaintiff Boardwalk's Rebuttal Expert Witness Ernest M. Fleischer (Doc. 174), and Motion to Exclude (Strike) Expert Testimony of Joseph W. Lesovitz (Doc. 177). The motions are fully briefed and the Court is prepared to rule. As described more fully below, the Court grants in part and denies in part the motion to exclude Mr. Fleischer and the Court grants the motion to exclude Mr. Lesovitz as expert witnesses. However, the parties may file supplemental expert reports on the business income damages claim, in light of the Court's summary judgment rulings, by May 9, 2014.

**I.      Standard**

The Court has broad discretion in deciding whether to admit expert testimony.[1] Fed. R. Evid. 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[1] *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citation omitted).

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[2]

The proponent of expert testimony must show "a grounding in the methods and procedures of science which must be based on actual knowledge and not subjective belief or unaccepted speculation."[3] In order to determine whether an expert opinion is admissible, the Court performs a two-step analysis. "[A] district court must [first] determine if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his discipline.'"[4] To determine reliability, the Court must assess "whether the reasoning or methodology underlying the testimony is scientifically valid."[5] Second, the district court must further inquire into whether the proposed testimony is sufficiently "relevant to the task at hand."[6] An expert opinion "must be based on facts which enable [him] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required."[7] And it is not necessary to prove that the expert is "indisputably correct," but only that the "method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on

---

[2] Fed. R. Evid. 702.

[3] *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 780 (10th Cir. 1999).

[4] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)).

[5] *BG Tech., Inc. v. Ensil Int'l Corp.*, 464 F. App'x 689, 703 (10th Cir. 2012).

[6] *Id.* (quoting *Daubert*, 509 U.S. at 597).

[7] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

facts which satisfy Rule 702's reliability requirements."[8]

*Daubert* sets forth a non-exhaustive list of four factors that the trial court may consider when conducting its inquiry under Rule 702: (1) whether the theory used can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) general acceptance in the scientific community.[9] But "the gatekeeping inquiry must be tied to the facts of a particular case."[10]

It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert*.[11] The most common method for fulfilling this function is a *Daubert* hearing, although such a process is not specifically mandated.[12] In this case, the parties do not request a hearing. The Court has carefully reviewed the submissions filed with the motions and believes this review is sufficient to render a decision.

## II.     Discussion

### A.     Ernest M. Fleischer

State Auto Property and Casualty Insurance Company ("State Auto") seeks to exclude the expert opinion of Ernest M. Fleischer, who was designated by Boardwalk Apartments, L.C. ("Boardwalk") as a rebuttal expert on May 30, 2013. He was designated to rebut the expert testimony of Randall Wilson, a certified public accountant, who will testify in support of State Auto's business income calculation. On summary judgment, the Court ruled that gross profits

---

[8] *Id.*

[9] *Daubert*, 509 U.S. at 593–94.

[10] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quotations omitted).

[11] *Goebel v. Denver & Rio Grande W. R.R.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

[12] *Id.*

should be subtracted from Boardwalk's net income in calculating the actual loss of business income. However, the Court found that the amount, if any, of gross profits is in dispute. The Court identified a genuine issue of material fact about whether Boardwalk "actually earned" interest in the amounts asserted by State Auto on the indemnity payment. The Court acknowledged that the parties dispute the significance of Boardwalk's tax statements—whether the indemnity payment should have been reported, and whether any interest amounts incurred on that payment were actually earned, or simply accrued for tax reporting purposes.

Boardwalk's disclosure identifies the following subject matter about which Mr. Fleischer may testify: (1) Boardwalk's federal tax returns for tax years 2004 through 2009 and related financial statements, books, or records; (2) the uses and investments of, and/or transactions related to, the $2,128,794 State Auto paid to Boardwalk in February 2006; (3) the amount of interest earned, if any, on investments, loans, and/or uses of the indemnity payment paid to Boardwalk in February 2006; and (4) communications between Boardwalk and the Internal Revenue Service ("IRS") concerning Boardwalk's compliance with Internal Revenue Code § 1033.

Boardwalk's disclosure also identifies four "facts and opinions" about which Mr. Fleischer is expected to testify: (1) that Boardwalk's federal tax returns for tax years 2004 through 2009 and related financial statements, books, and records were not materially misstated; (2) that Boardwalk was not required to report the $2,128,794 State Auto paid to Boardwalk in February 2006 on its tax returns unless and until it elected not to replace the destroyed property; (3) Boardwalk's investment of the $2,128,794 State Auto paid to Boardwalk in February 2006 was not part of Boardwalk's rental business activities; and (4) Boardwalk's investment of the

$2,128,794 State Auto paid to Boardwalk in February 2006 yielded a net negative return on investment.

State Auto complains that much of Mr. Fleischer's designated testimony is not expert testimony, and is therefore cumulative of his percipient witness testimony. It is clear that Boardwalk intends to call Mr. Fleischer to testify both in his capacity as the corporate representative of Boardwalk and as an expert. There is no rule prohibiting a witness from providing both lay and expert testimony. To the extent State Auto objects on this basis, it is overruled and denied.

Expert testimony is testimony that requires specialized or technical skill and knowledge.[13] In contrast, lay opinion testimony may be offered based on "observations that are common enough and require a limited amount of expertise, if any."[14] Much of the testimony identified in Boardwalk's disclosure and discussed by the parties in their briefs is not expert opinion testimony at all: the contents of Boardwalk's federal tax returns and related financial statements, any communications between Boardwalk and the IRS, Boardwalk's understanding of its reporting and recordkeeping obligations, Boardwalk's investments, Boardwalk's return on investments, and how any return on Boardwalk's investment was spent. None of these areas of testimony require specialized knowledge; they are offered based on the personal knowledge of Mr. Fleischer in his capacity as the corporate representative of Boardwalk. As such, he need not be qualified as an expert in order to testify as a percipient witness about these matters and the motion is denied as moot with respect to such matters.

---

[13] *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216 (10th Cir. 2011).

[14] *Id.* (quoting *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).

To the extent Mr. Fleischer offers testimony that is based on technical or specialized knowledge in his experience as a tax attorney and certified public accountant, the Court proceeds to consider State Auto's motion to exclude under Rule 702 and *Daubert*. Boardwalk contends in its response that Mr. Fleischer will render expert opinions on the following relevant issues: (1) whether Boardwalk was required to include the indemnity payment on its tax returns; (2) whether the alleged misrepresentations on the tax returns is "material" in violation of the Policy's misrepresentation, concealment, or fraud exclusion; (3) whether there is a difference under the tax code between rental income and other income; and (4) Boardwalk's actual earnings.

State Auto argues first that Mr. Fleischer is not qualified to testify as an expert on damages because he is not an accountant. To qualify as an expert, Mr. Fleischer must possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth."[15] Boardwalk points to Mr. Fleischer's 50-year experience as a tax attorney, as well as his M.B.A. in finance and his Missouri Certified Public Accountant certificate, as evidence of his qualifications. The Court agrees that Mr. Fleischer is qualified to render opinions that rebut Wilson's calculation of the business income losses in this case. To the extent State Auto contends that his qualifications do not stack up to their own designated accountant's, that goes to the weight and not the admissibility of his opinion.

State Auto also objects that Mr. Fleischer's proposed testimony amounts to a legal conclusion. Fed. R. Evid. 704(a) provides that "testimony in the form of an opinion or inference

---

[15]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (quotation omitted).

otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Still, "testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored."[16] Nor may an expert "state legal conclusions drawn by applying the law to the facts."[17] Expert legal testimony is not permitted.[18] An attorney expert may "refer to the law in expressing his opinion, but he may not tell the jury what legal standards must guide their verdict."[19] The Court agrees with State Auto, that under *Specht*, it would be improper for Mr. Fleischer to testify about whether Boardwalk complied with any particular provision of the tax code on its tax returns. This would be an ultimate legal conclusion. He could, however, testify about common methodologies or approaches used by tax attorneys in determining what to report as rental income and other income, or how to report an insurance payment.[20] Such testimony would allow the trier of fact to reach its own conclusion about whether the tax returns were accurate and whether they are relevant to its determination of the actual income earned by Boardwalk.

Mr. Fleischer's testimony that Boardwalk suffered a net negative return on its investment is also a legal conclusion to the extent it is based on his application of the tax code. Mr. Fleischer may testify about the loan to Park Place, and the details of any transactions between Boardwalk and Park Place, based on his experience as a member of both entities; as explained,

---

[16]*Anderson v. Suiters*, 499 F.3d 1228, 1237 (10th Cir. 2007); *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (en banc).

[17]*Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003).

[18]*Specht*, 853 F.2d at 810.

[19]*MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, 486 F. App'x 816, 821 (10th Cir. 2012).

[20]*See id.*

7

this would not be expert testimony. And Boardwalk can use Mr. Fleischer to introduce exhibits that support its argument that there was a net negative return on that investment. However, Mr. Fleischer may not testify as to the ultimate legal conclusion that there was a negative return on that investment as a matter of tax law.

The Court next addresses relevance because the parties vehemently dispute whether several of several of Mr. Fleischer's opinions would be helpful to the trier of fact. This motion was filed before State Auto's fraud, concealment, and misrepresentation counterclaims were dismissed. Given the dismissal of these counterclaims, Mr. Fleischer's opinions about whether the tax returns misrepresented certain facts, and whether those facts are material are no longer relevant. But the accuracy and interpretation of the tax returns are relevant to the calculation of net income on Boardwalk's business income claim, and to State Auto's affirmative defense that Boardwalk failed to cooperate in its investigation of the claim by providing State Auto with incomplete and inaccurate documentation of the indemnity payment, and any interest income earned on that payment. Given the Court's summary judgment rulings, Fleischer's proposed expert testimony on these issues is relevant. And to the extent he is able to testify as a tax professional about the proper tax treatment of various interest income in general, and as applied to this case, such testimony would be helpful to the trier of fact.

Therefore, the Court finds that the difference under the tax code between rental income and other income is relevant—the parties dispute the amount of income that should be attributed to Boardwalk under this claim based at least in part on the tax returns. Testimony about the accuracy of the tax returns, and the relationship between certain line items on those tax returns and Boardwalk's internal books, will also assist the trier of fact in calculating the business

8

income claim, and in determining State Auto's affirmative defense that Boardwalk failed to cooperate. The Court finds that any outstanding relevance issues raised in State Auto's motion are more appropriately addressed as contemporaneous objections.

State Auto's final argument is that Fleischer's opinion about whether the insurance payment should have been reported as an asset on Schedule L is not reliable. It points to various legal authorities that interpret the applicable tax code sections at issue. But this goes to the weight and not the admissibility of Fleischer's opinion. Fleischer will be limited to offering a narrow expert opinion about how tax attorneys approach reporting the items at issue.

In sum, the Court finds that much of Mr. Fleischer's proposed rebuttal expert testimony is either not subject to Rule 702, or not relevant to the issues that remain in this case. Also, Fleischer's legal opinions or conclusions are inadmissible. What remains is quite limited: Fleischer may testify as an expert about common methodologies or approaches used by tax attorneys in determining what to report as rental income and other income, or how to report an insurance payment. He may not testify about whether Boardwalk complied with the Tax Code and he may not interpret or explain tax law to the jury.

### B. Joseph W. Lesovitz

Boardwalk designated Joseph W. Lesovitz as its damages expert on business income damages. State Auto moves to exclude claiming that Mr. Lesovitz's methodology is flawed. Boardwalk argues that it used the same methodology as State Auto's expert, Mr. Wilson, which is sound and reliable, and that the problems identified by State Auto do not justify exclusion of its damages expert.

On summary judgment, this Court granted State Auto's motion that the appropriate

calculation of business income loss must account for any actual interest income earned by Boardwalk during the period of restoration. Mr. Lesovitz disregarded this information in calculating business income loss. In response to the *Daubert* motion, Boardwalk reiterates that the interest income should not be backed out of its business income loss calculation and argues that it is State Auto's burden to establish this defense. But the Court has now ruled in favor of State Auto on summary judgment that actual gross profits must be subtracted from the business income calculation, and found that the setoff affirmative defense was therefore moot. As such, based on the Court's summary judgment ruling, Mr. Lesovitz's calculation is legally irrelevant insofar as it fails to take gross profits into account in calculating the actual business income loss in this case. It would not be helpful to the trier of fact to hear this testimony without this component of the methodology.

State Auto argues further that Mr. Lesovitz's opinion is unreliable on three other grounds: (1) he failed to subtract actual continuing normal operating expenses; (2) he failed to consider that some of Boardwalk's lost profits were not lost, but instead shifted to other apartment buildings in the complex; and (3) his report and proposed testimony is based on insufficient facts and data because it relied entirely on Boardwalk's federal income tax returns for the tax years 2005–2011. The parties dispute whether it is correct to use actual operating expenses, or rather extrapolate past operating expenses for the complex to determine the operating expenses for Building 1. The parties dispute whether certain rental income from Building 1 was lost, or merely shifted to other buildings in the complex. And the parties dispute the best evidence upon which to base the business income calculations. The Court has considered the briefs and finds that these issues go to the weight and not the admissibility of Mr.

Lesovitz's testimony.

Because the Court finds that Mr. Lesovitz's proposed opinion should be excluded based on legal relevance of a discrete component of the calculation, the Court will permit Boardwalk an additional period of time to supplement Mr. Lesovitz's expert report to take into account gross profits earned by Boardwalk during the period of restoration. Indeed, given the Court's rulings on summary judgment, both parties may wish to supplement their damages calculations and may do so no later than May 9, 2014. This will allow the parties time prior to the June 24, 2014 trial to redepose their experts if necessary and file motions in limine in advance of trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Exclude (Strike) Proposed Expert Testimony of Plaintiff Boardwalk's Rebuttal Expert Witness Ernest M. Fleischer (Doc. 174), is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Exclude (Strike) Expert Testimony of Joseph W. Lesovitz (Doc. 177) is **GRANTED**. **The parties may supplement their expert reports on business income damages by May 9, 2014.**

Dated: March 28, 2014

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE