## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BOARDWALK APARTMENTS, L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-2714-JAR** |
| | ) | |
| **STATE AUTO PROPERTY AND** | ) | |
| **CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This is an insurance coverage action arising out of a 2005 fire at Boardwalk Apartments, L.C.'s ("Boardwalk") apartment complex in Lawrence, Kansas. Boardwalk was insured under a commercial property insurance policy issued by State Auto Property and Casualty Insurance Company ("State Auto"). The remaining claims are set for jury trial on June 24, 2014. The parties have filed several motions *in limine* to exclude certain categories of evidence at trial, which the Court heard on June 10, 2014. At that hearing, the Court ruled on most of the motions and took some under advisement.

For the reasons stated on the record at the June 10 hearing and supplemented by this Order, the Court rules as follows:

### Plaintiff's Motion *in Limine* (Doc. 267)

**1.     Any reference to "coinsurance," a "coinsurance penalty," or suggestion that Boardwalk was underinsured**

Boardwalk asks the Court to exclude evidence or argument that Building 1 is subject to coinsurance, a coinsurance penalty, or that the complex was underinsured. Boardwalk maintains that there is no evidence that it was underinsured, but even assuming there is some evidence, the

only relevant question is: "what was the replacement cost of the complex before the fire in 2005, using like kind and quality materials, but excluding law and ordinance costs."

State Auto disagrees that the jury should be shielded from coinsurance references.  It argues that coinsurance is a key concept at issue in this case and that while the jury may only be called upon to decided the replacement cost of the complex and of Building 1, respectively, the parties must be allowed to discuss the meaning of coinsurance and whether Boardwalk was underinsured.  It argues that otherwise, the jury has no context for the parties' positions and the evidence on these matters.

At the hearing, the Court heard argument from the parties on this issue and took the matter under advisement.  The Court is now prepared to rule.  As stated on the record, the Court finds that references to coinsurance or a coinsurance penalty are unnecessary in order for the jury to render a verdict on this issue.  Therefore, the probative value of this evidence and argument is outweighed by the substantial likelihood of prejudice and jury confusion over this issue.  The Court will instruct the jury that it must find the replacement cost of the Boardwalk complex without including law and ordinance costs and that it must determine the replacement cost of Building 1, including law and ordinance costs.  These figures will allow the Court to determine as a matter of law whether the coinsurance provision applies, and if so, calculate the penalty.  When pressed by the Court on the relevance of these references in light of the jury instructions and interrogatories, State Auto argued that it was the only way for the jury to understand why they are asked to determine the respective values in this case.  However, the Court is not persuaded that these references are necessary for the jury to render its verdict.  The jury will be instructed on the findings it must make, and the Court presumes that they will follow these

2

instructions.  Given the degree of judicial interpretation that has impacted the coinsurance

provision in this case, along with the confusing nature of the concept, the Court sustains

Boardwalk's motion and finds that this evidence should be excluded under Fed. R. Evid. 403.

2.     **Expert opinions on the "replacement cost" of the complex that do not comply with the Court's order to exclude law and ordinance costs; opinions regarding the "replacement cost" of Building 1 that do not comply with the Court's order to include all law and ordinance costs and to calculate the cost as of 2010**

The Court largely overruled and denied these motions without prejudice, indicating that

they will be subject to contemporaneous objections at trial based on the witnesses' compliance

with the Court's summary judgment rulings on law and ordinance costs.  Some of Boardwalk's

objections go to the weight of the evidence and not to its admissibility, as the Court explained

fully at the hearing.

3.     **Lay opinions, or any other evidence, regarding the "replacement cost" of the complex that do not comply with the Court's order to exclude law and ordinance costs, specifically evidence from the Missouri Litigation Testimony**

This motion is overruled and denied.  Boardwalk may impeach the witnesses based on

the arguments asserted in the motion.

4.     **Evidence regarding Boardwalk's plans or ability to rebuild during the Missouri Litigation**

This motion is overruled and denied because it is probative on the issue of the period of

restoration on the business income claim.  The Court made clear that there is no remaining

affirmative defense related to State Auto's claim that Boardwalk did not timely rebuild.

5.     **Evidence regarding the details of the fire or resulting injuries and deaths**

This motion is sustained; this evidence shall be excluded.

6.     **Any imputed investment earnings from the State Auto 2006 partial building indemnity payment**

This motion is sustained; this evidence shall be excluded.

**7.     Boardwalk's investment of and/or actual earnings from the State Auto 2006 partial building indemnity payment**

This motion is overruled and denied.  The summary judgment order controls this issue.

**8.     Boardwalk's tax returns and testimony of Boardwalk's tax preparer**

This motion is overruled and denied.

**9.     Evidence regarding "saved expenses" for the entire complex; they are only relevant if they relate to Building 1**

This motion is overruled and denied as it goes to the weight of the evidence and not its admissibility.

**10.    Personal, business, or financial information regarding Boardwalk's members**

This motion is sustained; this evidence shall be excluded.

**11.    State Auto's prior payments on other coverage clauses or buildings not at issue**

Boardwalk represented that while certain relevant exhibits reference these items, it will redact all such references.  In light of this, the Court finds the motion is moot and that any remaining issue should be subject to a contemporaneous objection.

**12.    State Auto's dismissed claims, defenses, and arguments**

This motion is sustained.  The Court finds that the only remaining theory on State Auto's affirmative defense of failure to cooperate is with respect to Boardwalk's alleged failure to cooperate in the investigation of the business income claim.  The Court further finds that the failure to follow the policy provisions affirmative defense was premised on the cooperation provision.

**Defendant's Motions *in Limine***

**13.     State Auto's reserves (Doc. 269): Exhibits 5, 17, and 84**

The Court took this motion under advisement at the hearing and is now prepared to rule. These Boardwalk exhibits are internal State Auto emails that discuss State Auto's reserves following the Boardwalk loss. Boardwalk argues that the reserves are admissions as to the value of Boardwalk's insurance claims and are relevant to its defense to the failure to cooperate affirmative defense. Boardwalk argues that the exhibits also support its claims for prejudgment interest, consequential damages, and attorneys' fees. Boardwalk cites to caselaw that finds evidence of insurer reserves discoverable because it *could* lead to admissible evidence about the insurer's own beliefs about coverage and liability, as well as any good or bad faith in investigating the claims.[1]

State Auto responds that these are intracorporate e-mails about reserves, which state law dictates must be set aside by an insurer on a claim such as this. State Auto argues that these e-mails only represent a best estimate on liability and are not probative of the value of anything at issue here.

While the Court finds that this evidence is certainly probative of State Auto's own view of the value of Boardwalk's claim, it is substantially outweighed by the risk of prejudice in admitting this evidence. These are internal emails from State Auto discussing the amount of money it has set aside in the event it must pay on the claim; a finding that the jury will be called upon to make. The Court finds that this evidence should be excluded under Rule 403 and sustains State Auto's motion.

**14.     Boardwalk's Alternative Claims for Misrepresentation and Negligent Claims**

---

[1] *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N.A., Inc.*, 244 F.R.D. 638, 645 (D. Kan. 2007).

**Handling (Doc. 271)**

This motion is sustained because these alternative claims were rendered moot by the Court's determination that Boardwalk did not waive its right to replacement costs under the 2008 Stipulation.

**15.     References to an agreement related to Boardwalk's business income loss (Doc. 273)**

The Court will give the jury a limiting instruction when the exhibits at issue are introduced, instructing that the Court has already determined that the parties did not reach a binding agreement on the business income loss claim and that the jury may not consider the evidence for that purpose.  The motion is otherwise overruled and denied.

**16.     Insurance Regulations (Doc. 275): Exhibits 95, 96, and 97**

This motion is sustained to the extent Boardwalk seeks to admit the regulations as evidence.  The witnesses may testify about their understanding of the regulations and the  Court will instruct the jury that this testimony is not the law and that the Court will instruct the jury as to the law that applies to this case at the conclusion of the evidence.  The regulations will be included in the Court's jury instructions.

**17.     Ultimate legal conclusions (Doc. 277)**

Specifically, State Auto seeks to exclude testimony by Ernest Fleischer about whether there was a net negative return on Plaintiff's loan to Park Place Apartments.  State Auto contends that this testimony would amount to a legal conclusion.  Because Boardwalk objects to any evidence about imputed or hypothetical interest earnings, it agrees that this evidence would not be relevant.

As the Court explained at the hearing, it has already ruled on this issue in conjunction

with its March 28, 2014 Daubert rulings.  The Court ruled that Mr. Fleischer could testify as a

lay witness on the issue of Boardwalk's return on investments.  However, the Court ruled that

Mr. Fleischer's testimony that Boardwalk suffered a net negative return on its investment is a

legal conclusion to the extent it is based on his application of the tax code.  The Court ruled that

Mr. Fleischer may testify about the loan to Park Place, and the details of any transactions

between Boardwalk and Park Place, based on his experience as a member of both entities; as

explained, this would not be expert testimony. And Boardwalk can use Mr. Fleischer to

introduce exhibits

that support its argument that there was a net negative return on that investment. However, Mr.

Fleischer may not testify as to the ultimate legal conclusion that there was a negative return on

that investment as a matter of tax law.  Because the Court has already ruled on this issue of

expert testimony, the motion is moot.  State Auto may raise any objections as to relevance

contemporaneously.

### 18.   Evidence about Boardwalk Timely Initiating the Process of Rebuilding Building 1 (Doc. 279): Exhibits 67 and 68

This motion is overruled and denied.

### 19.   Any Alleged Inherent Flaw in Building 1 (Doc. 281)

The Court took this motion under advisement at the hearing.  State Auto states that

during Fleischer's March 21, 2013 deposition, he testified that Building 1 was "inherently

flawed" and alleged that this flaw accelerated the fire and led to Boardwalk's decision to

demolish the buildings that were unaffected by the fire.  State Auto seeks to exclude any

evidence about an inherent flaw, including this testimony, for lack of relevance and under Rule

403.

In the deposition, Fleischer testified that he was advised by defense counsel that a plaintiff's expert in one of the personal injury suits found that there was an inherent flaw of the destroyed building that accelerated the fire.  He further testified that State Auto attorneys told him that they settled a personal injury plaintiff's claim in part because of this expert's finding. Boardwalk argues that this evidence will be relevant given the Court's decision to allow State Auto to present evidence on Boardwalk's decision to change its rebuilding plans in 2008, evidence State Auto plans to use to prove a shorter period of restoration than the actual replacement period.  The Court agrees that this evidence is a close call under Rule 403 given the admissibility of Boardwalk's change in rebuilding plans after the Missouri litigation concluded. The Court finds that this issue is better resolved contemporaneously, after it hears the evidence that State Auto presents on this change in building plans.  This evidence is highly probative of Boardwalk's defense that it did not delay in replacing Building 1, so while the Court denies without prejudice State Auto's motion at this time, it is subject to renewal in the form of a contemporaneous motion.

**20.  Consequential damages (Doc. 283)**

This motion is overruled and denied.  State Auto's oral motion to bifurcate is overruled and denied.

**21.  Evidence about the Value of Commercial Buildings Owned by Park Place Apartments (Doc. 285)**

This motion is sustained; the evidence shall be excluded.

**22.  Expert Testimony that there was a breach of contract (Doc. 288)**

This motion was denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' motions *in limine*

8

are granted in part, denied in part, and found to be moot in part as described fully on the record
and supplemented by this Order.

**IT IS SO ORDERED**.

Dated: June 13, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE