# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| BOARDWALK APARTMENTS, L.C., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-2714-JAR** |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant State Auto Property and Casualty Insurance Company's

Motion for Leave to Modify the Scheduling Order and to File its Third Amended Answer and

Counterclaims to Plaintiff's First Amended Complaint (Doc. 305).  State Auto moves under Fed.

R. Civ. P. 15(a)(2) and 16(b)(4).  The Court denies this motion for the reasons stated at the June

10, 2014 hearing and supplemented by this Order.

The Pretrial Order in this matter was entered on July 24, 2013.[1]  The Pretrial Order

supersedes all pleadings and controls the subsequent course of the case.[2]  "When

an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings"

because "the pretrial order is the controlling document for trial."[3]  The Tenth Circuit has

explained that an attempt to add a new claim to the pretrial order is "the equivalent of asking

---

[1]Doc. 170.

[2]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(b).

[3]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Wilson v. Muckala*, 303 F.3d 1207,
1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P.
16(e)).

leave to amend [the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."[4]  Here, State Auto seeks to effectively modify the Pretrial Order by restoring misrepresentation, negligent misrepresentation, and fraudulent misrepresentation counterclaims and affirmative defenses that were dismissed by the Court after the Pretrial Order was entered. Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[5]  A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[6]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[7]

Undue delay alone is sufficient to deny a motion to amend; there need not be a showing of prejudice.[8]  Moreover, motions for leave to amend are correctly denied

> when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target" to "to salvage a lost case by untimely suggestion of new theories of recovery," present "theories seriatim" in an effort to avoid dismissal, or to "knowingly delay[ ] raising [an] issue until the eve of trial."[9]

While liberality of amendment is important, it is equally important that "there must be an end

---

[4]*Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006); *Minter*, 451 F.3d at 1204; *see Hunter v. Buckle, Inc.*, 488 F. Supp. 2d 1157, 1170 (D. Kan. 2007).

[5]Fed. R. Civ. P. 15(a)(2).

[6]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[7]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[8]*See, e.g.*, *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002).

[9]*Minter*, 451 F.3d at 1206 (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001);  *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994); *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

finally to a particular litigation."[10]

Here, the Court easily finds that this motion must be denied based on undue delay.  The deadline by which to amend the pleadings passed over one year ago.  While the Court understands that State Auto claims its motion is based on information it learned for the first time in deposing Boardwalk's expert witness on June 6, 2014, the request to amend would add several fact intensive claims on the eve of a trial that has been set for almost one year and adjusted to accommodate State Auto's counsel's schedule.  The particular counterclaims and defenses State Auto seeks to add have been considered and rejected by this Court upon several attempts to amend earlier in this litigation.  This most recent attempt is an untimely suggestion of new theories presented seriatim to avoid dismissal.  The Court believes that any attempt to amend, after three years of this litigation and eight years since the subject fire, would be unfair to the parties in this matter, unduly delay the proceedings, and cause Boardwalk undue prejudice from having to reopen discovery and prepare for trial yet again on fraud and misrepresentation claims that had been dismissed.  Any abuse or prejudice that State Auto contends exists as a result of the information it learned during the June 6, 2014 deposition will be addressed in the context of State Auto's companion motion for sanctions, after Boardwalk has had an opportunity to respond.  The motion to amend is therefore denied under Rule 15(a)(2).

The Court also finds modification of the Pretrial Order is not warranted under Rule 16(e) of the Federal Rules of Civil Procedure, which states that a pretrial order "may be modified 'only to prevent manifest injustice.'"[11]  "The party moving to amend the order bears the burden to

---

[10]*Pallottino*, 31 F.3d at 1027.

[11]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

3

prove the manifest injustice that would otherwise occur."[12]  The decision to modify the pretrial

order lies within the trial court's discretion.[13]  In exercising that discretion, the court should

consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue;

(2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of

the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the

order."[14]  In applying these factors, the paramount concern must be to assure "the full and fair

litigation of claims."[15]  For the same reasons set forth above, the Court finds that the proposed

modification would cause prejudice to Boardwalk as trial is set to begin in this matter on June

24, 2014, and the Court is not inclined to continue that trial date.  Moreover, the nature of the

proposed amendments would require reopening discovery and motions practice on claims that

have already been rejected on other theories earlier in this litigation.  The Court finds that the

first and third factors weigh heavily against modifying the Pretrial Order and thus denies the

motion under Rule 16(e).

      **IT IS THEREFORE ORDERED BY THE COURT** that State Auto Property and

Casualty Insurance Company's Motion for Leave to Modify the Scheduling Order and to File its

Third Amended Answer and Counterclaims to Plaintiff's First Amended Complaint (Doc. 305) is

**denied**.

      **IT IS SO ORDERED**.

---

[12]*Id.*

[13]*Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[14]*Koch*, 203 F.3d at 1222 (citations omitted).

[15]*Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

Dated: June 18, 2014

         S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE