**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                                            |     |                       |
| ------------------------------------------ | --- | --------------------- |
| **BOARDWALK APARTMENTS, L.C.,**            | )   |                       |
|                                            | )   |                       |
| **Plaintiff,**                             | )   |                       |
|                                            | )   |                       |
| **v.**                                     | )   | **Case No. 11-2714-JAR** |
|                                            | )   |                       |
| **STATE AUTO PROPERTY AND**                | )   |                       |
| **CASUALTY INSURANCE COMPANY,**            | )   |                       |
|                                            | )   |                       |
| **Defendant.**                             | )   |                       |
| _____   | )   |                       |

## MEMORANDUM AND ORDER

Before the Court are the following motions by Defendant State Auto Property and

Casualty Insurance Company ("State Auto"): (1) Renewed Motion to Strike Expert Report and

Testimony of Joseph W. Lesovitz (Doc. 300); (2) Motion *in Limine* Concerning "Supplemental

Scenario C" of Joseph W. Lesovitz's 2014 Supplemental Report (Doc. 302); and (3) Motion for

Sanctions Pursuant to Rule 37 for Boardwalk's Violation of Rule 26(a) and (e) (Doc. 304).

Plaintiff Boardwalk Apartments, LLC ("Boardwalk") has responded to the motions and the

Court is prepared to rule.  As stated more fully below, State Auto's motion to exclude and

motion for sanctions are denied.  The motion to exclude evidence concerning Mr. Lesovitz's

supplemental scenario C is denied as moot in light of the Court's previous *in limine* rulings.

**I.      Background**

Boardwalk designated Joseph W. Lesovitz as its damages expert on business income

damages.  State Auto previously moved to exclude his report and testimony, claiming that Mr.

Lesovitz's methodology is flawed.  On summary judgment, this Court granted State Auto's

motion that the appropriate calculation of business income loss in this matter must account for

any actual interest income earned by Boardwalk on State Auto's indemnity payments during the period of restoration. Mr. Lesovitz disregarded this information in calculating business income loss. Because the Court ruled in favor of State Auto on summary judgment that actual gross profits must be subtracted from the business income calculation, it found that Mr. Lesovitz's calculation was legally irrelevant insofar as it failed to take gross profits into account in calculating the actual business income loss in this case. Because the Court found that Mr. Lesovitz's proposed opinion should be excluded based on legal relevance of a discrete component of the calculation, the Court permitted Boardwalk an additional period of time to supplement Mr. Lesovitz's expert report to take into account gross profits earned by Boardwalk during the period of restoration. The Court allowed both parties to supplement their damages calculations by May 9, 2014, in order to allow the parties time prior to the June 24, 2014 trial to redepose their experts if necessary and to file motions *in limine* in advance of trial.

On May 9, 2014, Boardwalk served on State Auto Mr. Lesovitz's Supplemental Report. State Auto maintains in its motion that it learned for the first time from this report that the Boardwalk loan to Park Place Apartments in the amount of $1,006,721, was used to purchase Park Place Office 95, an investment that Boardwalk claims significantly declined in value since its purchase. Mr. Lesovitz's testimony about the value of Park Place Office 95 is based on an appraisal report prepared by CB Richard Ellis from August 5, 2011. Boardwalk provided this appraisal report to State Auto on May 13, 2014, as part of its Third Supplemental Rule 26 Disclosures.

State Auto deposed Mr. Lesovitz on June 6, 2014, and he testified that he relied on the 2011 appraisal in forming his 2014 opinion Park Place's investment resulted in a loss. He

2

further testified that he received the appraisal sometime between his April 13, 2014 report and his May 2014 supplemental report.

State Auto claims that Mr. Lesovitz's testimony and the appraisal contradict earlier testimony by Ernest Fleischer in this matter that the Park Place Office 95 building was purchased with sale proceeds from another apartment complex and that the proceeds from the indemnity payment had been primarily invested in loans so that Boardwalk could obtain a return on that investment.  State Auto further claims that this information should have been disclosed in earlier interrogatories.

The Court has ruled *in limine* on several issues relevant to these pending motions.  The Court has ruled that (1) evidence concerning imputed investment earnings from State Auto's 2006 indemnity payment shall be excluded as not relevant based on the Court's summary judgment rulings; (2) evidence about the value of commercial buildings owned by Park Place Apartments shall be excluded; and (3) evidence about Boardwalk's investment of actual earnings from the entire indemnity payment will be admissible.

## II.    Discussion

### A.    Motion to Exclude

The Court previously considered a challenge to Mr. Lesovitz's original report and testimony in a Memorandum and Order dated March 28, 2014.  The Court incorporates by reference the standards and findings set forth in that Order and applies them to State Auto's renewed motion.  The Court already determined that Mr. Lesovitz is qualified and that he is reliable, finding that State Auto's previous challenges to his reliability go to the weight and not the admissibility of his opinion.  The Court likewise finds that the reliability challenges

presented by State Auto in the instant motion go to the weight and not admissibility of Mr. Lesovitz's testimony.

The bulk of State Auto's motion impeaches Mr. Lesovitz's opinion as inconsistent with the deposition testimony of Ernest Fleischer, Boardwalk's managing member. State Auto argues that Fleischer represented that the indemnity payment was invested differently than Mr. Lesovitz represents in his report and testimony. Specifically, Mr. Lesovitz opines that the money loaned to Park Place Apartments was paid back with no interest and therefore no actual interest was earned by Boardwalk on that portion of the indemnity payment. State Auto also complains that this testimony is inconsistent Mr. Fleischer's testimony that it loaned this money to Park Place Apartments with interest. State Auto points to several documents where Boardwalk states that the Park Place loan was repaid "in cash and in kind." But it argues that Mr. Lesovitz does not acknowledge a cash repayment. Mr. Lesovitz explains in his report how he reaches the conclusion that Boardwalk earned no actual interest on the Park Place transaction. He states that any income reported on Boardwalk's tax return is based on imputed income and not actual income. To the extent Mr. Lesovitz's testimony is inconsistent with other Boardwalk witnesses and documents, State Auto may impeach the witness, but these issues do not require exclusion of the witness.

State Auto quibbles with Mr. Lesovitz's characterization of the Park Place loan as an "advance," since it did not involve a loan agreement. The Court has reviewed the report and finds State Auto's argument to be irrelevant to the analysis. The Court's summary judgment order ruled that the business income claim must be reduced by the amount of actual interest earned on the indemnity payment that was available to pay Boardwalk's operating expenses. It

4

is of no consequence whether the money transferred to Park Place is a loan or an advance; the question is whether Boardwalk earned interest on the transaction.  Again, this issue may be appropriate impeachment, but does not require exclusion of the witness.

Finally, State Auto complains that Mr. Lesovitz improperly rebuts its damages expert, Mr. Wilson, exceeding the scope of the Court's supplementation order.  The Court does not find that the report exceeds the scope of its order.  The purpose of supplementation was to allow Mr. Lesovitz and Mr. Wilson an opportunity to revise their business income damages analysis to take into account the Court's summary judgment ruling that actual interest earned on the indemnity payment that was available to pay Boardwalk's operating expenses should be subtracted from Boardwalk's net income under the policy.  Mr. Wilson supplemented his opinion on May 19, 2014.  Boardwalk was entitled to disclose a rebuttal report on the limited issue of actual interest within thirty days,[1] but instead opted to include rebuttal opinion in its May 9, 2014 Report.  It is limited to rebutting Mr. Wilson's earlier report on the discrete issue for which the Court allowed supplementation by both parties.  The Court declines to strike the report on this basis.

### B.    Motion for Sanctions

State Auto moves for sanctions against Boardwalk for alleged discovery violations under Rule 26(a) and (e).  It argues that the 2011 appraisal report was disclosed to it for the first time in May when Mr. Lesovitz supplemented his report.

Boardwalk initially opposes the motion because State Auto failed to comply with D. Kan. Rule 37.2:

> The court will not entertain any motion to resolve a

---

[1]Fed. R. Civ. P. 26(a)(2)(D)(ii).

> discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.  Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

State Auto did not file a certification with this motion that it made any effort to confer with Boardwalk's counsel or made any effort to resolve the dispute without judicial intervention.  The Court therefore denies the motion because State Auto failed to meet the conference requirements for filing this motion for sanctions.

Even if the Court entertained this motion, it would deny State Auto's request.  As described in the Court's ruling on the motion to exclude Mr. Lesovitz's testimony, the issues go to the weight and not the admissibility of the evidence.  Moreover, because the imputed interest on the Park Place loan and the value of commercial buildings owned by Park Place has been excluded by the Court *in limine*, evidence as to those issues is not relevant and there is no prejudice to any late disclosure of the appraisal report.

**IT IS THEREFORE ORDERED BY THE COURT** that State Auto's Renewed Motion to Strike Expert Report and Testimony of Joseph W. Lesovitz (Doc. 300) is **denied**;

**IT IS FURTHER ORDERED** that State Auto's Motion *in Limine* Concerning "Supplemental Scenario C" of Joseph W. Lesovitz's 2014 Supplemental Report (Doc. 302) is **moot**; and

**IT IS FURTHER ORDERED** that State Auto's Motion for Sanctions Pursuant to Rule 37 for Boardwalk's Violation of Rule 26(a) and (e) (Doc. 304) is **denied**.


Dated: <u>June 20, 2014</u>

       <u>S/ Julie A. Robinson</u>

       JULIE A. ROBINSON

       UNITED STATES DISTRICT JUDGE