## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARDWALK APARTMENTS, L.C., )<br><br>Plaintiff, )<br><br>v. )<br><br>STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY, )<br><br>Defendant. )<br>_____ ) | Case No. 11-2714-JAR-KMH |

### MEMORANDUM AND ORDER

At the close of Plaintiff Boardwalk Apartments, L.C.'s case, and again at the close of all evidence, Defendant State Auto Property and Casualty Insurance Company moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) orally and in writing (Docs. 331, 336). Plaintiff has responded in writing. As explained more fully below, the Court denies the motions.

Under Rule 50(a)(1), a court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." A moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[1] "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[2] In order for a jury to properly

---

[1] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (quotations omitted).

[2] *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

find for a party, "more than a scintilla of evidence" must be presented to support a claim.[3]  In

considering a motion for judgment as a matter of law, the court reviews all of the evidence in the

record and construes it in the light most favorable to the nonmoving party.[4]  But the court must

refrain from making credibility determinations and weighing the evidence.[5]  "The jury has the

exclusive function of appraising credibility, determining the weight to be given to the testimony,

drawing inferences from the facts established, resolving conflicts in the evidence, and reaching

ultimate conclusions of fact."[6]

Defendant stated that there was insufficient evidence at trial to support a Plaintiff's

verdict for the following reasons: (1) Boardwalk did not "actually replace" Building 1, nor

replace it as soon as reasonably possible after the loss; (2) the replacement cost of Building 1 did

not exceed the 2006 indemnity payment so Boardwalk is not entitled to consequential damages;

(3) Boardwalk failed to comply with the Policy by failing to cooperate with State Auto during

the investigation and settlement of the claims, by failing to resume its operations as quickly as

possible under the Policy, and by altering the replacement cost it attributed to the complex; and

(4) Boardwalk's business income damages expert Joseph Lesovitz's testimony lacked foundation

and used an incorrect methodology.

The Court rejects each of these arguments.  The Court agrees with Boardwalk that the

Policy very clearly does not require that Boardwalk replace Building 1 with a replica, and the

---

[3]*Id.* (citing *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003)).

[4]*Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Deters*, 202 F.3d at 1268).

[5]*Id.*

[6]*See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (internal quotations and citation omitted).

2

testimony was consistent at trial that Boardwalk only sought replacement cost damages for the

76 units destroyed in Building 1 by the fire.  There was sufficient evidence presented to the jury

that the replacement cost value of Building 1 exceeded the $2.1 million indemnity payment:

Patrick Bello and Paul Werner both testified about figures ranging from $3.4 million to $4.4

million.  The Court also finds, for the reasons explained in its summary judgment ruling, that

Boardwalk initiated replacement as soon as reasonably possible after the fire; their duty to

replace was tolled during the pendency of the Missouri litigation.  The evidence at trial was

sufficient to allow a reasonable jury to conclude that Boardwalk replaced Building 1 with

reasonable speed based on the actual time it took to replace the building.  Paul Werner's

testimony supports such a finding.

The failure to cooperate claim was asserted as an affirmative defense and as a general

denial that Boardwalk performed in compliance with the Policy as part of its breach of contract

claims.  The Court agrees with Boardwalk, as stated in ruling on the *in limine* motions, that State

Auto has waived its failure to cooperate affirmative defense as to any theory other than the

allegation that Boardwalk failed to cooperate in the investigation of the business income claim,

by not providing it with the information it requested.  The Court finds that the evidence was

sufficient for a reasonable jury to find that Boardwalk complied with State Auto's request for

documents.  There are several exhibits in the record of correspondence from Boardwalk to State

Auto's attorneys evidencing Boardwalk's attempts to produce the requested information to State

Auto before they filed suit.  The Court also finds that a reasonable jury could disagree with State

Auto's theory that Boardwalk failed to cooperate by offering inconsistent figures of the cost to

replace the Boardwalk complex.  To the extent this defense was not waived, the jury was

instructed that they could consider any evidence of inconsistent figures in determining the weight of the evidence.  Viewing the evidence in the light most favorable to Boardwalk, a reasonable jury could determine that State Auto's cited figures are not comparable replacement cost estimates of the complex, excluding law and ordinance costs.  Moreover, Boardwalk did not assert in this litigation that a square footage-based value was appropriate; quite the opposite. Boardwalk took the position that the square-footage based estimates relied on by State Auto were a wholly inappropriate measure of replacement cost value.

Finally, the Court overrules State Auto's objection to the foundation of Mr. Lesovitz's testimony on interest income and finds that a reasonable jury could give weight to his opinion on the business income loss damages in this matter.  The only specific argument advanced by State Auto is that he did not support his opinion that Boardwalk did not make a "loan" to Park Place. The Court disagrees.  Lesovitz supported his opinion that no interest was earned on the amount Boardwalk loaned or advanced to Park Place because there was no loan document in the record, nor any other document that supported the fact that actual interest was earned on that amount. Lesovitz explained that the tax returns relied upon by State Auto were filed on an accrual basis, so they did not accurately represent the actual income earned by Boardwalk that was available to pay its operating expenses—the standard required by this Court in its summary judgment Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's pre-verdict motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (Docs. 331, 336)  are **denied**.  The Clerk shall enter Judgment on the jury verdict.

Dated: <u>July 10, 2014</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
