IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOARDWALK APARTMENTS, L.C.,          )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )       Case No. 11-2714-JAR
                                     )
STATE AUTO PROPERTY AND              )
CASUALTY INSURANCE COMPANY,          )
                                     )
        Defendant.                   )
_____)

## MEMORANDUM AND ORDER

This insurance coverage action was tried to a jury, which found in favor of Plaintiff

Boardwalk Apartments, L.C. ("Boardwalk") on its claims of breach of contract under Kansas

law against Defendant State Auto Property and Casualty Insurance Company ("State Auto").

Plaintiff Boardwalk filed a posttrial motion for attorneys' fees (Doc. 349) that is now fully

briefed. Before the Court are several motions filed by State Auto that are related to the fee

dispute: Motion to Strike Affidavit of Kevin Bielawski (Doc. 394); Motion to Conduct

Discovery Pursuant to D. Kan. 54.2(f) (Doc. 397), and Motion for Oral Argument (Doc. 399).

These fee-related motions are ripe for decision and the Court is prepared to rule. As described

more fully below, the Court denies State Auto's motions for discovery and to strike the

Bielawski affidavit, and will consider Boardwalk's motion for attorneys' fees submitted on the

briefs.

## I.      Procedural Posture and Relevant Background

Some discussion of the proper procedure for requesting and disputing attorneys' fees in

this District is warranted. Fed. R. Civ. P. 54(d)(2)(B)(i) provides that a claim for attorneys' fees

and expenses may be made by motion no later than fourteen days after the entry of judgment.

And "by local rule, the court may establish special procedures to resolve fee-related issues

without extensive evidentiary hearings."[1]  The District of Kansas has adopted such procedures in

Local Rule 54.2:

> (a)  Consultation Required. A party who moves for statutory attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) must promptly initiate consultation with the other party or parties.
> (b)  Where the Parties Agree. If the parties reach agreement, they must file an appropriate stipulation and request for an order.
> (c)  Where the Parties Disagree. If they are unable to agree, the moving party must file the following within 30 days of filing the motion:
>> (1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award; and
>> (2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award.
> (d)  Statement of Consultation. The statement of consultation must set forth the date of the consultation, the names of those who participated, and the specific results achieved. The court will not consider a motion for statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation in compliance with this rule.
> (e)  Memorandum and Response. The memorandum in support of the Fed. R. Civ. P. 54 motion must be supported by time records, affidavits, or other evidence. The memorandum need not be filed at the same time as the motion. This is an exception to D. Kan. Rule 7.1(a). Other parties have 14 days to file a response to the memorandum in compliance with this rule.
> (f)  Discovery.  Discovery may not be conducted in connection with motions for awards of attorney's fees unless the court permits upon motion and for good cause.

In this case, Boardwalk timely filed its Motion for Attorneys' Fees and Expenses within

---

[1]Fed. R. Civ. P. 54(d)(2)(D).

fourteen days of the entry of Judgment.[2]  After receiving one extension of time, Boardwalk timely filed its memorandum in support of the motion for attorneys' fees on September 5, 2014.[3] That memorandum properly includes a statement of consultation pursuant to Rule 54.2(c)(1), setting forth the parties' attempts to meet and confer concerning the fee request and stating that the parties were unable to reach an agreement.  Boardwalk's memorandum proceeds to set forth argument in support of its fee request and it attached over fifty exhibits, including Exhibit 2, the Affidavit of Kevin Bielawski, Director of Strategic Pricing and Analytics for Husch Blackwell, Boardwalk's counsel's law firm.  Boardwalk also attached several exhibits upon which Bielawski relies: Exhibit G, PricewaterhouseCooper's Billing Rate and Associate Salary Survey ("BRASS"); Exhibit H, annual totals for each timekeeper's rate, hours, and dollars billed; and Exhibit I, a line-graph comparison of the rates charged on the Boardwalk matter and median attorney and paralegal rates for several regions in and around Kansas City, based on the BRASS survey.  Boardwalk submitted the Bielawski Affidavit in support of its claim that the rates charged by its attorneys are reasonable.

State Auto filed its opposition to Boardwalk's attorneys' fee motion and has submitted several other motions tied to the fee request that the Court will resolve in this Order.  First, State Auto asks that the Court strike the Bielawski Affidavit because it was not previously disclosed. Second, State Auto asks the Court to permit several categories of discovery on the issue of attorneys' fees, including discovery concerning Bielawski.  Finally, State Auto requests oral argument on the motion for attorneys' fees.  The Court will address each in turn.

---

[2]Doc. 348 (entered July 10, 2014).

[3]Doc. 387.

3

## II.   Motion to Strike Bielawski Affidavit

The Court first considers State Auto's motion to strike. State Auto argues that Bielawski should have been previously disclosed because he renders an expert opinion on the reasonableness of counsel's rates. Moreover, State Auto takes issue with the fact that Bielawski relies on the PriceWaterhouseCoopers' survey, as it was not previously disclosed during discovery. The Court finds no merit to these arguments.

First, State Auto misunderstands Fed. R. Civ. P. 26 and its relationship to Local Rule 54.2. State Auto contends that Bielawski should have been disclosed as either a fact or expert witness under Rule 26. But Rule 26(a)(1)(A) only pertains to fact witnesses "that the disclosing party may use to support its *claims or defenses*." And rule 26(a)(2)(A) only requires a party to disclose any experts the party "may use at trial." The Court is convinced that Mr. Bielawski's affidavit does not qualify as "expert testimony" under Rule 26. The foundational statements in the affidavit make clear that his opinions on the prevailing market rates in the Kansas City area are based on personal knowledge in his capacity as the Director of Strategic Pricing and Analytics—he is explaining why the Husch Blackwell firm charges the rates that they do. His testimony is based on his personal participation in setting the standard rates for the firm and he is therefore merely a fact witness on the subject of attorneys' fees. Even if Bielawski's affidavit constituted expert testimony, the Rule 26(a)(2) obligation only applies to expert testimony at trial; the rule clearly does not apply in this context.

Moreover, the Court does not construe Rule 26(a)(1) as requiring disclosure of potential attorney affiants in support of fee motions because attorneys' fees are merely a form of damages that are typically decided collateral to the merits of an action. Rule 54 explicitly contemplates

4

that a "claim" for attorneys' fees would be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages."[4] And Rule 54 delegates to the district courts the procedure by which they decide fee-related issues in order to avoid extensive evidentiary hearings. Here, the local rule provides the default rule that no discovery should be conducted on attorney fee motions. An exception to this general rule may be made on motion if the Court finds good cause exists to order discovery. Indeed, courts in this district routinely deny early requests for discovery of information about attorney fees, finding that they are not relevant before the issue of entitlement to fees is reached.[5] The Court will take up State Auto's discovery motion in the next section, but with respect to this motion, neither the federal rules nor the local rule in this District required Boardwalk to disclose Bielawski.

Even if there was some disclosure obligation for attorneys or their representatives in this capacity, the Court does not find any prejudice in allowing Boardwalk to submit this affidavit. In determining the reasonableness of the rate on a fee request, this Court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[6] In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[7] Boardwalk has submitted the Bielawski affidavit and supporting documentation in an effort to show that the Husch Blackwell

---

[4]Fed. R. Civ. P. 54(d).

[5]*See, e.g., Newman v. Union Pac. R.R.*, No. 12-2518-JTM-KGG, 2013 WL 1308977, at \*1 (D. Kan. Mar. 29, 2013); *EEOC v. BNSF Ry. Co.*, No. 12-2634-JWL-KGG, 2014 WL 2589182, at \*7 (D. Kan. June 10, 2014).

[6]*See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).

[7]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

rates are reasonable under this standard. It should not come as a surprise that each side of an attorney-fee dispute would submit affidavits from their own counsel; here, the affiant is a representative of Boardwalk's law firm who relies upon a third-party survey of market rates. In the Court's experience, this is precisely the sort of evidence fee applicants submit in support of their requests, which are then typically rebutted by affidavits or other objective evidence submitted by the non-moving party. State Auto should have been on notice that Boardwalk's attorneys would submit affidavits in support of its attorney fee request and it is certainly on notice that under the law, one way in which State Auto could defeat that fee request would be to show through its own affidavits that the rate is not reasonable under the applicable standard. Even if Rule 26(a)(1) imposed a duty on Boardwalk to disclose Bielawski earlier in this litigation, the Court finds no prejudice to State Auto in its failure to do so.[8] Nonetheless, out of an abundance of caution, the Court would entertain a motion from State Auto, filed no later than November 14, 2014, for leave to submit rebuttal affidavit(s), or other exhibits, out of time on the issue of the reasonableness of applicable rates in this case. The motion for leave shall attach the proposed exhibit(s), as required by D. Kan. Rule 15.1.

## II.    Motion for Discovery

"The principle of D. Kan. Rule 54.2 is that motions for attorney's fees should not usually require discovery, thus discovery is permitted only for good cause after a motion has been made for fees, and after the consultation requirements have been satisfied."[9] In determining whether good cause exists, the Court is mindful that fee disputes should not turn into a second lawsuit for

---

[8] *See* Fed. R. Civ. P. 37(c)(1) (providing that a party cannot use information that should have been disclosed under Rule 26 "unless the failure was substantially justified or is harmless.").

[9] *EEOC*, 2014 WL 2589182, at *7.

the Court to resolve.[10]  Moreover, in showing good cause, the moving party must make "a

particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements."[11]   State Auto contends that good cause exists to order discovery on the following:

(1) the engagement letter between Boardwalk and Husch Blackwell; (2) invoices establishing

that the fees were actually paid by Boardwalk; (3) unredacted and broken down billing entries;

and (4) investigation into the "previously undisclosed expert opinions" of Bielawski.

### A.    Engagement Letter and Invoices

State Auto argues that the engagement letter should be produced because "it is entirely

possible that Mr. Fleischer entered into a 'sweetheart deal' with Husch Blackwell, whereby his

case was taken at a substantially reduced rate in order to accommodate him and Boardwalk."[12]

The Court finds this statement to be conclusory and utterly unsupported by the record in this

matter.  Boardwalk has submitted Fleischer's affidavit,[13] where he attests that Boardwalk entered

into an agreement with Husch Blackwell in 2006 wherein Boardwalk agreed to pay Husch

Blackwell on an hourly basis.  He further attests that Boardwalk has paid these fees in full.

Furthermore, Mike Thompson, an attorney at Husch Blackwell, has submitted an affidavit

describing the parties' agreement and stating that Boardwalk has paid all bills submitted.

Therefore, State Auto argues one of two things: (1) Fleischer and Thompson perjured themselves

in their affidavits when they attested that Boardwalk paid the fees reflected on the billing

---

[10]*See Hensley v. Eckerhart*, 461 U.S. 424, 237 (1983).

[11]*See, e.g., Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[12]Doc. 398 at 4.

[13]Doc. 387-4.

7

records, or (2) Boardwalk's fees were discounted based on the parties' preexisting relationship. The first proposition essentially alleges fraud with absolutely no evidentiary support and therefore does not constitute good cause. State Auto's attempt to rehash credibility arguments about Mr. Fleischer from unrelated issues during trial are unavailing and do not constitute "specific demonstrations of fact" on the issue before the Court in this motion. The second proposition benefits State Auto—if Boardwalk received a reduced rate from Husch Blackwell based on Fleischer's employment with that law firm, then Boardwalk is in fact requesting a much lower fee award than it might otherwise had it retained a different law firm. State Auto's motion for discovery of the engagement letter is denied.

State Auto also argues that it should receive invoices that show that the fees sought were actually paid by Boardwalk, again suggesting that the Fleischer and Thompson affidavits falsely state that the fees were actually paid. State Auto's position is again conclusory and therefore insufficient to show good cause. Moreover, Boardwalk represents that it provided its invoices to State Auto during the consultation process and attached to its response memorandum an example. This production renders State Auto's motion moot. The invoice includes a remittance page that shows the amount of each invoice, the last payment received from Boardwalk, and whether any prior invoice amounts were outstanding.[14] To the extent State Auto contends these invoices raise more questions than they answer, it is free to make that argument in response to the motion for attorneys' fees. But Boardwalk has submitted exhaustive evidence of its billing records and invoices sufficient to enable State Auto to contest the reasonableness of the fees. To the extent State Auto is unsatisfied with the information contained in these records, it may so

---

[14]Doc. 403, Ex. 1.

8

argue, however the Court denies its request to order further discovery on these invoices.

## B.   Unredacted and Broken Down Billing Entries

State Auto next seeks unredacted and broken down time entries, complaining that the time entries submitted as Exhibit A to the fee motion are overredacted for attorney client privilege and work product information and improperly utilize block billing. The Court does not find good cause to grant this request. The Court has reviewed the billing entries and does not find that the redactions prevent State Auto from challenging the reasonableness of the hours spent litigating this matter. Furthermore, to the extent State Auto objects to Boardwalk's block billing, the Court can consider that issue in the context of State Auto's challenge to the reasonableness of the hours spent. The motion for more detailed billing records is denied.

## C.   Discovery Related to Bielawski

The Court has already denied State Auto's motion to strike Bielawski's affidavit for failure to disclose him as a potential witness earlier in the case. The Court explained that Bielawski is not an expert and that neither his testimony nor the third-party survey he relies on needed to be previously disclosed under Rule 26. Nonetheless, the Court has granted State Auto additional time to harness evidence that challenges the reasonableness of the rates submitted by Boardwalk. For substantially the same reasons explained in the Court's ruling on the motion to strike, the Court is unable to find good cause exists to allow further discovery into this affiant.

## III.   Motion for Oral Argument

The Court is permitted to set any motion for oral argument at the request of a party, or on its own initiative.[15] The parties have submitted an exhaustive evidentiary record along with their

---

[15]D. Kan. Rule 7.2.

9

briefs on Boardwalk's fee request. The Court does not find that further argument would materially assist the Court in deciding this motion, and therefore denies State Auto's motion for oral argument on the motion for attorneys' fees.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Strike Affidavit of Kevin Bielawski ( Doc 395,) Motion to Conduct Discovery Pursuant to D. Kan. 54.2(f) (Doc. 397), and Motion for Oral Argument (Doc. 399) are **denied**. State Auto shall have until **November 14, 2014** to submit a motion for leave to file out of time any exhibit(s) in support of its opposition to the Motion for Attorneys' Fees on the subject of the reasonableness of counsel's rates. The motion shall comply with the requirements of D. Kan. Rule 15.1.

Dated: October 24, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE