**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOARDWALK APARTMENTS, L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE AUTO PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | Case No. 11-2714-JAR |

**MEMORANDUM AND ORDER**

On January 16, 2015, the Court entered an Amended Judgment in favor of Plaintiff Boardwalk Apartments, L.C. and against State Auto Property and Casualty Insurance Company after a jury trial and resolution of certain post-trial motions. Still pending before the Court is Boardwalk's Motion for Attorneys' Fees and Expenses, and related motions. This matter is before the Court on Defendant State Auto's Motion to Stay Execution of Judgment (Doc. 416), asking that the Court stay execution without requiring it to provide security. For the reasons explained in detail below, State Auto's motion for a stay of execution is granted, but its request for a waiver of security is denied.

The Court is authorized pursuant to Fed. R. Civ. P. 62(b) to stay the execution of a judgment pending disposition of post-trial motions. That rule states, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceeding to enforce it—pending disposition of [specified post-trial motions]."[1] A motion for attorneys'

---

[1] Fed. R. Civ. P. 62(b).

fees under Fed R. Civ. P. 54(b) is not a specified post-trial motion.[2]  However, because this Court has granted State Auto's motion under Rule 58(e) that the motion for attorneys' fees will have the same effect under Fed. R. App. P. 4(a)(4) as a timely motion under Rule 59, which is a specified motion, the Court finds that the rule may apply in this case to the remaining pending motion for attorneys' fees.

Under Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not to the requirement of security.  While the Court must consider "appropriate terms" for Plaintiff's security in granting the stay, it appears that the appropriate terms need not necessarily include a supersedeas bond.  Pending appeal, however, Rule 62(d) provides for a stay by supersedeas bond except under circumstances not present here.  If a bond is required, D. Kan. Rule 62.2 provides that:

> A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.[3]

State Auto argues that a bond is not required for a stay pending resolution of post-trial motions and argues that Boardwalk's delay in requesting security is evidence that it is not truly concerned about whether the judgment is secure.  State Auto also argues that Boardwalk waived any right to ask for relief beyond what is set forth in the July 10, 2014 Judgment by executing before the postjudgment motions are decided.

Since the time this motion was briefed, the Court has ruled on all merits-based post-trial

---

[2]*Id.*

[3]D. Kan. Rule 62.2.

2

motions; the only remaining pending motions are related to Boardwalk's request for reasonable attorneys' fees. The Amended Judgment was entered on January 16, 2015, in the total amount of $4,797,479.20, so the parties' dispute about whether the July Judgment is "executable" is now moot. Although the Court may ultimately award Boardwalk an additional sum of reasonable attorneys' fees and expenses, there is no authority for the proposition that the January 16 Amended Judgment is not the operative judgment in this matter. To be sure, the only reason why this motion for stay of execution continues to be relevant is because State Auto moved to delay its appeal right until the Court resolves the fee motion, a motion that is typically collateral to the judgment.

Moreover, State Auto's contention that Boardwalk has somehow waived or abandoned its motions to add additional sums to the original judgment is wholly without merit. It is not uncommon for parties to continue to litigate the appropriate amount of damages or attorneys' fees post-judgment while at the same time seeking security for a stay of execution—a party may execute after the fourteen-day automatic stay period elapses, so it is almost always true that post-trial motions are pending (or perhaps not even filed yet) when that automatic stay elapses.[4]

The only pertinent issue remaining is whether State Auto has sufficiently shown good cause to stay execution of the January 16 Amended Judgment without a bond requirement pending a ruling on the remaining fee-related motions.[5] The district court has discretion to stay the proceedings without a full supersedeas bond "when the judgment creditor's interest would

---

[4] *See* Fed. R. Civ. P. 62(a).

[5] The Court has granted State Auto's request to toll its time to appeal until it rules on the motion for attorneys' fees, pursuant to Fed. R. Civ. P. 58(e). *See* Doc. 436.

not be unduly endangered."[6]  The burden is on the debtor to objectively demonstrate good cause for such a waiver.[7]  The Court may consider the following factors when deciding whether to waive the bond requirement on stays pending post-trial motions and appeal:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendants are in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[8]

State Auto contends that Boardwalk will be secure from any potential loss because it is a sound and stable company: it has an "A Excellent" financial strength rating from A.M. Best, which also places State Auto in "Financial Size Category XII ($1 Billion to $1.25 Billion).  It argues further that it is not an ordinary judgment creditor because (1) it is approved by the Department of Treasury as a surety that may post supersedeas bonds in federal court; (2) it may not be a debtor under the Bankruptcy Code, so there is no threat that it could obtain an automatic stay on execution of the Judgment; and (3) it is required under Kansas law to participate in a guaranty fund and thereby purchase security against the risk of non-payment.

Boardwalk challenges State Auto's evidence in support of State Auto's financial security and points to contrary evidence about State Auto's negative financial performance.  It further argues that financial security alone should not insulate State Auto from providing security; it is proof that State Auto is capable of providing security for the judgment.  Finally, Boardwalk

---

[6]*Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993).

[7]*Meyer v. Christie*, No. 07-2230-CM, 2009 WL 3294001, at *1 (D. Kan. Oct. 13, 2009).

[8]*Id.* at *2; *see also Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).

argues that the protracted nature of this litigation justifies a bond requirement in the full amount of the judgment.  It asks the Court to require State Auto to either (a) post a supersedeas bond in the full amount of the Amended Judgment plus 25%; or (2) deposit the full amount of the Amended Judgment into the Court registry.

The Court has weighed the requisite factors and determines that a supersedeas bond in the full amount of the Amended Judgment should be required pending resolution of the remaining motion on attorneys' fees.  The Court first considers the procedural posture of this case and finds that absent State Auto's motion under Rule 58(e), a stay of execution would not be permitted by the rules and State Auto would have a mandatory security requirement to obtain a stay pending appeal.  While the Court does not anticipate a lengthy period of time to decide the last pending motions, the merits of this case have been decided and State Auto has provided the Court with no reason why Boardwalk should bear the risk of an enforceable judgment during this extended period of time requested by State Auto.

The Court also has heavily weighed the complexity of the collection process and the lengthy and contentious nature of this insurance dispute to date.  As noted in detail in the Court's ruling on prejudgment interest, Boardwalk has struggled over the course of this insurance dispute to obtain even status reports from State Auto.  State Auto is correct that it never denied the claims, but of course they have not paid even undisputed amounts on these claims either.  Nine years have passed since the subject fire.  This case was filed four years ago, the second of two highly contentious lawsuits to determine Boardwalk's claims under the Policy.  While the Court accepts State Auto's evidence of financial security, it declines to find that it justifies an unsecured stay.  State Auto has provided this Court with no authority that large insurance

companies are shielded from secured stays by virtue of their immunity from an automatic Bankruptcy stay, or state law guaranty requirements.  Nor is a company immune from providing security because it has been approved as a surety by the Department of Treasury.  Instead, State Auto's evidence of financial security shows the Court that requiring it to post a supersedeas bond will not pose a financial hardship.  State Auto has not met its burden of showing that it would be impossible or impracticable to provide security for a stay of the Amended Judgment in this matter.  Nonetheless, given the relatively brief period of time it should take to resolve the attorneys' fees issue, the Court will not increase the bond amount by 25% at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant State Auto's Motion to Stay Execution of Judgment (Doc. 416) is **granted in part and denied in part**.  State Auto's motion for a stay of execution is **granted**; its request for a waiver of security is denied.  A stay of execution shall be conditioned upon State Auto posting a supersedeas bond in the amount of $4,797,479.20 within three (3) business days of the date of this Order.

Dated: January 21, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE