IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOARDWALK APARTMENTS, L.C.,           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     Case No. 11-2714-JAR
                                      )
STATE AUTO PROPERTY AND               )
CASUALTY INSURANCE COMPANY,           )
                                      )
            Defendant.                )
                                      )

## MEMORANDUM AND ORDER

On January 16, 2015, the Court entered an Amended Judgment in this matter in favor of Plaintiff Boardwalk Apartments, L.C. and against State Auto Property and Casualty Insurance Company after a jury trial and resolution of certain post-trial motions. At that time, the Court granted State Auto's motion to stay execution of the judgment pending resolution of the remaining post-trial motions and denied its request for a waiver of the security requirement. The Court ordered State Auto to post security in the full amount of the Amended Judgment, $4,797,479.20. State Auto posted a supersedeas bond in this amount on January 23, 2015.

On March 2, 2015, the Court ruled on Boardwalk's motion for attorneys' fees and expenses and entered a Second Amended Judgment, including the additional sum of $1,470,949.60 in reasonable attorneys' fees and expenses. This matter is before the Court on Defendant State Auto's Motion to Stay Execution of Judgment on Appeal (Doc. 440), asking that the Court stay execution of the Second Amended Judgment in the amount of the judgment only. For the reasons explained below, State Auto's motion for a stay of execution pending appeal is granted; it shall take effect upon filing the notice of appeal. Upon filing its Notice of

Appeal, State Auto shall post a supersedeas bond in the amount of the Second Amended Judgment, plus 10%.

Fed. R. Civ. P. 62(d) provides for a stay by supersedeas bond except under circumstances not present here. If a bond is required, D. Kan. Rule 62.2 provides that: "A supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."[1] The district court has discretion to stay the proceedings without a full supersedeas bond "when the judgment creditor's interest would not be unduly endangered."[2] The burden is on the debtor to objectively demonstrate good cause for such a waiver.[3] In ruling on State Auto's motion for a waiver of the bond requirement pending post-trial motions, the Court previously considered the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendants are in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[4]

In weighing these factors, the Court found that a supersedeas bond in the full amount of the Amended Judgment should be required pending resolution of the remaining motion on attorneys' fees.

---

[1] D. Kan. Rule 62.2.

[2] *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 844 F. Supp. 1414, 1419 (D. Kan. 1993).

[3] *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 3294001, at *1 (D. Kan. Oct. 13, 2009).

[4] *Id.* at *2; *see also Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).

State Auto filed the instant motion, asking the Court to rule on the amount of the supersedeas bond it must post upon filing its notice of appeal, and asking the Court to limit its bond requirement to the base amount of the Second Amended Judgment, without the additional 25% contemplated by the local rule.  It argues that an additional 25% is excessive in this case given the amount of the judgment compared to the potential additional recovery Boardwalk may obtain after the appeal.  Boardwalk urges the Court to follow the local rule and require the amount of judgment plus 25%, arguing that the bond must be sufficient to secure its recovery of costs, supplemental attorneys' fees, and postjudgment interest.

The Court has considered the requisite factors and the parties' briefs and is persuaded that an additional 25% bond is excessive given the substantial judgment and the potential future recovery in this case.  Because the Court has already determined the bulk of the attorneys' fees to be awarded, the base amount of the judgment covers these fees, which are often decided after an appeal as collateral to the judgment.  Therefore, a bond in the full amount of the judgment already covers these fees and expenses.  However, the Court also agrees that the bond must secure Boardwalk's recovery of items not yet determined such as costs, supplemental attorneys' fees in this Court and on appeal, and postjudgment interest.  The Court finds that a bond in the amount of the Second Amended Judgment, plus 10% will be sufficient to not unduly endanger Boardwalk's interest in recovering these additional items of interest and damages.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant State Auto's Motion to Stay Execution of Judgment (Doc. 440) is **granted in part and denied in part**.  State Auto's motion for a stay of execution is **granted upon the filing of its Notice of Appeal**.  The stay of execution shall be conditioned upon State Auto posting a supersedeas bond in the amount

of the Second Amended Judgment plus 10%.

Dated: March 3, 2015

                                                  S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE