# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BOARDWALK APARTMENTS, L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-2714-JAR** |
| | ) | |
| **STATE AUTO PROPERTY AND** | ) | |
| **CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On March 2, 2015, the Court granted in part and denied in part Plaintiff Boardwalk

Apartments, L.C.'s ("Boardwalk") motion for attorneys' fees and expenses.[1]  Boardwalk's

motion was denied to the extent Boardwalk sought fees incurred in defending the Missouri

Litigation.  It was otherwise granted with some adjustment by the Court for reasonableness, for a

total award of $1,470,949.64 in reasonable attorneys' fees and expenses.  Boardwalk had also

filed a motion to supplement its attorney fee request, which the Court denied without prejudice

in order to avoid multiple supplemental fee requests and orders.  Instead, the Court ordered

Boardwalk to file a single supplemental fee request within twenty-one days of its March 2, 2015

Order for all fees incurred after August 1, 2014.  Now before the Court is Boardwalk's

Supplemental Motion for Attorney Fees and Expenses (Doc. 450), and Defendant State Auto

Property and Casualty Insurance Company's ("State Auto") Motion to Take Judicial Notice of

Court Filings and Divestiture of Jurisdiction (Doc. 457).  These matters are fully briefed and the

Court is prepared to rule.  As explained more fully below, the Court denies State Auto's motion

---

[1]Doc. 446.

and exercises its jurisdiction to rule on the supplemental fee request as a collateral matter. Boardwalk's supplemental fee request is granted and Boardwalk is awarded an additional $346,005.82 in reasonable attorneys' fees and expenses.

## I.    Background

This insurance dispute proceeded to jury trial on June 24, 2014.  The jury returned verdicts in favor of Boardwalk on both of its breach of contract claims, calculating damages for each claim and awarding consequential damages.  This Court thereafter ruled on the parties' post-trial motions, ordering remittitur of the consequential damages award as an alternative to a new trial, and awarding Boardwalk prejudgment interest on the business income claim.  An Amended Judgment was entered on January 16, 2015, for $4,797,479.20.[2]

Boardwalk timely filed its Motion for Attorneys' Fees and Expenses within fourteen days of the entry of the original Judgment on the verdict.[3]  After receiving one extension of time, Boardwalk timely filed its memorandum in support of the motion for attorneys' fees on September 5, 2014.[4]  State Auto filed its timely opposition to Boardwalk's attorneys' fee motion, as well as several other motions tied to the fee request, such as a motion to strike Kevin Bielawski's Affidavit that Boardwalk relied upon in support of its requested rates, and a motion for discovery.  The Court denied these ancillary motions.

On November 14, 2014, Boardwalk moved to supplement its pending fee request to include fees and expenses incurred since the time its original memorandum in support of the fee

---

[2]Doc. 438.

[3]Doc. 348 (entered July 10, 2014).

[4]Doc. 387.

request was filed on September 5, 2014.  These supplemental fees were incurred between August 1 and October 31, 2014.  State Auto objected to supplementation, arguing that D. Kan. Rule 54.2 does not provide for supplementation, and that it must be allowed to respond to any supplemental fee request in writing.  It suggested that allowing Boardwalk to supplement its fee request on an ad hoc and piecemeal basis is unfair and contrary to judicial efficiency and economy.

The Court granted State Auto's request under Fed. R. Civ. P. 58(e), to allow Boardwalk's motion for attorneys' fees to have the same effect under Fed. R. App. P. 4(a)(4) as a timely motion under Rule 59, thus tolling State Auto's time for filing an appeal until the Court ruled on Boardwalk's motion for attorneys' fees.

In a March 2, 2015 Memorandum and Order, the Court granted in part and denied in part Boardwalk's motion for attorneys' fees and expenses, awarding reasonable attorneys' fees and expenses through July 31, 2014.[5]  The Clerk was directed to file a Second Amended Judgment to reflect this award.  With regard to the supplemental fee request, the Court ruled as follows:

> The Court finds that Boardwalk is entitled to all reasonable fees and expenses incurred in this lawsuit under § 40-908, including time spent on post-trial motions and litigating the request for attorney fees.  The Court declines to penalize Boardwalk for timely submitting its memorandum in support of attorneys' fees.  However, the Court will grant State Auto's alternative request to consider a single supplement to the original fee request in the interest of judicial economy, with certain provisions.  First, this ruling will have no effect on the Court's prior ruling that the original motion under Rule 54 will abate the appeal time. The supplemental fee request will be decided collateral to the Second Amended Judgment.  Second, while the Court finds that State Auto should have a full and fair opportunity to respond to the specific fees sought in the supplemental motion, the Court expects the argumentation on these

_____

[5]Doc. 446.

3

supplemental fees to be extremely brief in comparison to the instant motion, and to focus primarily on any arguments not already raised and addressed by the Court's reasonableness rulings below.  Therefore, Boardwalk's motion for leave to supplement is granted in part and denied in part.  It shall file a single supplemental motion for attorneys' fees within 21 days of this Order for all compensable work performed since August 1, 2014, attaching supplemental time sheets and any other necessary exhibits that are not already included in the original motion. . . . State Auto may file a response to this supplemental motion within fourteen days.[6]

The Second Amended Judgment was entered on March 2, 2015.[7]  State Auto filed a Notice of

Appeal on March 31, 2015.[8]

Boardwalk followed the Court's directive and timely filed its supplemental request for

attorneys' fees, seeking $388,830.60 in fees and $1340.82 in expenses incurred between August

1, 2014 and March 23, 2015.  The fee request is based on the same hourly rates that the Court

previously found to be reasonable.  It seeks fees expended on: (1) litigating the motion for

attorneys' fees; (2) litigating other post-trial motions; (3) litigating State Auto's motions on

tolling the appeal time, staying execution, and avoiding a bond requirement; and (4) preparing a

bill of costs.

## II.  Jurisdictional Question

State Auto requests the Court take judicial notice of certain filings in this case and of the

fact that this Court is divested of jurisdiction to rule on the supplemental motion for attorneys'

fees and expenses.  While the Court can certainly take judicial notice of its own files and

---

[6]Doc. 446 at 21–22 (footnotes omitted) (citing *Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1143 (Kan. 2006); *Snider v. Am. Family Mut. Ins. Co.*, 298 P.3d 1120, 1131–32 (Kan. 2013)).

[7]Doc. 447.

[8]Doc. 455.

4

records,[9] State Auto points the Court to no authority for the proposition that a jurisdictional

determination is appropriately handled through judicial notice.[10]  Instead, the Court construes

State Auto's request as a motion to either dismiss or hold in abeyance the supplemental fee

request for lack of jurisdiction.

      State Auto argues that this Court only retains jurisdiction over matters not raised in the

appeal.  Because State Auto's appeal includes the March 2, 2015 fee award, it contends that the

supplemental fee motion can not be considered collateral.  Boardwalk responds that the

supplemental fee request is entirely collateral and thus may be decided by the district court

notwithstanding the appeal.

      The Supreme Court has determined that the question of attorneys' fees is collateral to and

separate from a decision on the merits.[11]  Indeed, in *Budinich v. Becton Dickinson & Co.*, the

Court adopted a bright-line rule that "a decision on the merits is a 'final decision' for purposes of

§ 1291 whether or not there remains for adjudication a request for attorney's fees attributable to

the case."[12]  The Court adopted this rule in part because "[s]uch an award does not remedy the

injury giving rise to the action, and indeed is often available to the party defending against the

action."[13]  Even when attorneys' fees and costs are awarded in a final judgment, a motion

---

[9]Fed. R. Evid. 201.

[10]*See City of Wichita, Kan. v. U.S. Gypsum Co.*, 72 F.3d 1491, 1496 (10th Cir. 1996) ("A matter of law can be judicially noticed as a matter of fact; i.e., the court can look to the law not as a rule governing the case before it but as a social fact with evidential consequences.").  State Auto certainly asks the Court to go beyond taking judicial notice of the law "as a social fact with evidential consequences" and make a determination as to the ultimate jurisdictional question over Boardwalk's motion.

[11]*See Buchanan v. Starships, Inc.*, 485 U.S. 265, 267-68 (1988).

[12]486 U.S. 196, 202–03 (1988).

[13]*Id.* at 200.

regarding the amount of attorneys' fees and costs are not considered final because "they established fee liability, but not the fee amount.  Without question, further proceedings on the attorney's fees and costs were inevitable, if only to quantify them."[14]  In this case, for example, the Court awarded attorneys' fees to Boardwalk as the prevailing party in this action under § 40-908, which may apply where an insured prevails in an insurance dispute such as this one.  There can be no question that the demand for attorneys' fees in this matter was not itself part of the merits; the Court addressed it in a separate memorandum and order.[15]  And while the Court awarded an amount of fees pursuant to the original motion, there was no question that the Court would be required to supplement that award with fees incurred since the time of the original fee motion, up to the time of appeal.

State Auto points to the general rule that "the district court retains jurisdiction over 'collateral matters not involved in the appeal.'"[16]  Because attorneys' fees are a collateral matter involved in the pending appeal, State Auto urges that the Court lacks jurisdiction to award a supplemental fee request.  But a review of the case law supporting the collateral order exception supports the view that so long as the attorneys' fees issue is not considered part of a damages award, or otherwise part of the underlying merits determination, it is collateral.[17]  The cases have explained that the uniform rule in *Budinich* exists for practical reasons—the need for a

---

[14]*Yost v. Stout*, 607 F.3d 1229, 1243 (10th Cir. 2010) (quoting *Utah Women's Clinic v. Leavitt*, 75 F.3d 564, 568 (10th Cir. 1995)).

[15]Doc. 446.

[16]*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (quoting *Garcia v. Burlington N. R.R.*, 818 F.2d 713, 721 (10th Cir. 1987)).

[17]*Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998) ("even a general appeal does not divest the district court of jurisdiction over peripheral, collateral matters such as attorneys' fees."); *Lancaster*, 149 F.3d at 1237; *Garcia*, 818 F.2d at 721.

standardized rule that applies in every case.[18]  For this reason, the Tenth Circuit has decided "to classify all attorney's fees as collateral."[19]

State Auto argues that since the Court ordered that its motion for attorneys' fees filed under Rule 54 would toll the appeal time, then the resulting appeal divested this Court of jurisdiction over any supplemental fee request.  In 1993, Fed. R. App. P. 4 was amended to include as one of the motions that will toll the appeal time, a motion for attorneys' fees under Fed. R. Civ. P. 54, if the district court exercises its discretion and orders the appeal time extended.  Rule 58(e) was thus amended to permit the Court to rule before the appeal has been filed that a motion for attorneys' fees will have the same effect under Fed. R. App. P. 4(a)(4) as a motion under Rule 59.  "This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4(a) until the fee dispute is decided."[20]

In this case, the Court explicitly found in its March 3 Order that the supplemental motion for attorneys' fees would not toll the appeal time.  State Auto points the Court to no authority from this jurisdiction that the Rule 58(e) provision allowing the Court, in its discretion, to <u>toll the time for appeal</u> until it decides an attorneys' fees motion, limits the district court's <u>jurisdiction</u> to decide a supplemental motion for reasonable attorneys' fees made after the initial entitlement decision is rendered and an appeal is taken.[21]  The Court's previous Rule 58(e) ruling

---

[18]*Garcia*, 818 F.2d at 721.

[19]*Id.* at 721.

[20]Fed. R. Civ. P. 59 advisory committee notes.

[21]*See Kira, Inc. v. All Star Maintenance, Inc.*, 294 F. App'x 139, 141 n2 (5th Cir. 2008) (The Rule's purpose is to increase judicial efficiency by enabling an appellate court to consider an appeal related to a fee award and an appeal related to the merits at the same time.  The Rule does not, however, deprive a district court of

allowed State Auto to delay its appeal time until the Court decided the original fee motion. State

Auto now renews most of the same arguments as to the reasonableness of the fees that the Court

considered in the March 2, 2015 Order. The Court rejected in its previous Order State Auto's

position that supplementation is not allowed by law. The Court weighed State Auto's alternative

argument, however, that it should not be required to respond to several piecemeal motions to

supplement and ordered Boardwalk to instead file a single motion in the interests of judicial

efficiency. In the interest of judicial efficiency, the Court explicitly declined to exercise its

discretion and find that the renewed supplemental motion should toll the time for State Auto to

file an appeal under Rule 58(e).

State Auto relies on the Fifth Circuit's decision in *Echols v. Parker*[22] for its argument that

the pending appeal on the initial attorneys' fees award divests this Court of jurisdiction to decide

the supplemental motion.[23] *Echols* determined that a motion for supplemental fees could not be

construed as a motion under Fed. R. Civ. P. 59, and thus did not toll the time for filing an

appeal.[24] Of course, *Echols* was decided before the amendments to Fed. R. App. P. 4 and Fed. R.

Civ. P. 58, so it has limited value as to how those provisions may apply to the pending matter. In

2004, the Fifth Circuit considered the amended rules and held as follows: "reading (4)(a)(4) and

---

jurisdiction over a fee motion upon the filing of a merits-based appeal merely because the district court did not enter a Rule 58(e) order." (citations omitted)).

[22]909 F.2d 795 (5th Cir. 1990).

[23]State Auto also relies on the unpublished report and recommendation in *Tiara Condominium Association v. Marsh & McLennan Cos.*, No. 08-80254-Civ, 2010 WL 5464180, at *2 (S.D. Fla. Dec. 1, 2010). That case relies solely on the Fifth Circuit's decision in *Echols* for its decision that the pending appeal on an initial fee award divests it of jurisdiction to decide a supplemental fee request. The Court is neither bound by this precedent, nor convinced that it requires the result urged by State Auto.

[24]*Echols*, 909 F.2d at 801–02.

the rule it refers to—Rule 58—together, it is clear to us that any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment."[25]   The Tenth Circuit has similarly ruled that where the district court does not extend the time for filing an appeal under Rule 58(e), and the post-trial motion concerns only the collateral issue of attorneys' fees, it should not delay the appeal.[26]   Here, State Auto appealed the final judgment which did include an initial award of attorneys' fees.   Although the Court allowed State Auto to toll its time to appeal on the basis of the initial fee motion, the Court explicitly declined to toll the time for appeal under Rule 58(e) while it decided Boardwalk's supplemental fee request.   Boardwalk's supplemental fee request is a collateral matter and the Court is not persuaded that either Fifth Circuit or Tenth Circuit precedent requires it to hold otherwise.

For all of the reasons stated above, the Court finds that State Auto's appeal did not divest the Court of jurisdiction to rule on the collateral motion for supplemental attorneys' fees.[27]

## III.   Supplemental Fee Request

In its March 2 Order, this Court extensively analyzed the reasonableness of Boardwalk's initial fee request, considering the factors set forth in Rule 1.5(a) of the Kansas Rules of Professional Conduct.[28]   The Court will not revisit its findings with respect to the reasonableness

---

[25]*Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004); *see also Yost*, 507 F.3d at 1244 n.6 (discussing *Moody* and noting that it abrogated prior Fifth Circuit precedent).

[26]*Yost v. Stout*, 607 F.3d 139, 1243–44 (10th Cir. 2010).

[27]As Boardwalk points out, like an appeal of an initial fee award entered after a notice of appeal, State Auto may appeal the supplemental fee award and seek consolidation of the appeals. Fed. R. App. R. 3(b); 10th Cir. R. 27.3.

[28]*See Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135 (Kan. 2006).

of the rates sought, as Boardwalk seeks the same rates in this supplemental motion.  The Court will likewise not revisit its detailed findings about the reasonableness of various categories of hours expended on this litigation.  Indeed, because the Court has already expended significant effort in considering Boardwalk's original fee request, it indicated in its prior Order that the argumentation on these supplemental fees should be extremely brief in comparison to the original motion, and directed the parties to focus on any arguments not already raised and addressed by the Court's reasonableness rulings.  The Court therefore addresses below the arguments raised by State Auto that specifically pertain to the hours expended by Boardwalk since August 1, 2014.  The Court otherwise incorporates by reference its detailed findings in the March 2, 2015 Order.

### A.      Hours Expended on Unsuccessful Post-Trial Issues

State Auto argues that the fees sought for work spent on post-trial issues are unreasonable in proportion to the fees expended in this litigation as a whole.  Specifically, State Auto argues that Boardwalk's time spent in preparing the fee application should be reduced in relation to its degree of success obtained.  Because some of the hours included in the original fee application were spent preparing the fee motion, the Court addressed this issue in the March 2 Order, finding that Boardwalk is only entitled to attorneys' fees to the extent its fee request was successful.[29] "[A] party is only entitled to supplemental fees commensurate with the degree of success achieved in litigating the supplemental fee, and a court should calibrate the fee to account for the degree of success."[30]  Given the Court's rulings in the initial fee award, Boardwalk should not

---

[29]*Snider v. Am. Family Mut. Ins. Co.*, 298 P.3d 1120, 1132 (Kan. 2013).

[30]*Id.*

receive fees for time spent defending the entire amount of the attorneys' fees sought in this litigation given that the Court ruled that time spent on the Missouri litigation was not compensable. "Where  a fee applicant 'has achieved only partial or limited success,' a court 'may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'"[31]

In its initial motion, Boardwalk sought to recover $2,076,027 in attorneys' fees, dating back to 2006. The Court held that Boardwalk could not recover fees expended in the Missouri litigation and determined that its compensable fees began to incur on August 25, 2010. The Court awarded Boardwalk $1,460,969.50 in fees incurred between August 25, 2010 and July 31, 2014, or approximately 30% of the total fees sought, which included some time spent preparing the initial memorandum in support of attorneys' fees. The Court imposed a 30% reduction to Partner Ryan Watson's hours in its March 2 Order, to account for the degree of success obtained on the fee application. Although Mr. Watson was not the only timekeeper to work on the fee matter, he billed considerable time strictly preparing the fee application and materials in support. The Court found that a 30% reduction to his hours was sufficient to account for Boardwalk's unsuccessful defense of the fees it incurred in the Missouri litigation. The Court noted that the majority of work expended on the fee application would have occurred even if Boardwalk sought fees for the Kansas litigation only.

Similarly, the Court declines to impose an across-the-board 30% reduction to the supplemental fee request. The Court has carefully reviewed the billing records of the Husch

---

[31]*Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)).

11

Blackwell timekeepers, focusing on time spent on the fee dispute relative to other fully compensable matters. Not all timekeepers worked on the attorney fee submissions; several timekeepers worked on components of the submissions at various stages, while others such as Mr. Watson, worked exclusively or predominately on these issues. A straight 30% reduction of all time would therefore be an inappropriate means of calibrating the fee award to account for degree of success. Likewise, a reduction of all of Boardwalk's hours spent on fee-related matters would not be appropriate—Boardwalk was required to spend time opposing State Auto's motions for fee-related discovery, to strike the Bielawski affidavit, for leave to file affidavits in opposition to the motion for attorneys' fees out of time, and to toll the appeal time under Rule 58(e). These motions were not tied to the request for Missouri litigation fees and would have required the same amount of work had Boardwalk only requested fees incurred in the Kansas litigation. The only time that must be reduced is time spent preparing the initial memorandum in support of attorneys' fees, reviewing State Auto's opposition to the fee motion, preparing the reply, and preparing the supplements. With these findings in mind, the Court reduces the requested attorneys' fees to $344,665. The Court finds that this reduction adequately calibrates the time Boardwalk spent defending the unsuccessful portion of its fee request.

State Auto argues further that Boardwalk's hours should be reduced to the extent post-trial motions were not resolved in its favor. In particular, State Auto points to the Order granting its request for remittitur of the jury's consequential damages award, the Court's denial of Boardwalk's requests to impose a 25% increase on the amount of the judgment for purposes of calculating a supersedeas bond, the Court's denial of prejudgment interest on the replacement cost claim, and for compound as opposed to simple prejudgment interest on the business income

12

claim.  State Auto points the Court to no authority for the proposition that time spent on unsuccessful motions are not recoverable.[32]  Preparation of the motions and briefs on these issues would undoubtedly be billed to the paying client, and based on Boardwalk's submissions, they were billed to Mr. Fleischer.  The relevant question is not whether the motions were successful, or even necessary, "but rather whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."[33]  The Court finds that a reasonable attorney would have engaged in similar time expenditures responding to State Auto's remittitur request, requesting prejudgment interest, and responding to State Auto's request for a stay of execution of the judgments by seeking a supersedeas bond in line with the Court's local rule.  In its March 2 Order, the Court considered the amount involved and results obtained and found no cause for a reduction in the fees sought based on this factor.  The Court declines to reduce the award any further on the basis of limited success.

Finally, State Auto argues that the percentage of time Boardwalk spent working on post-trial matters is unreasonable because it represents 23.5% of its total time spent on this litigation.  The Court finds no basis for evaluating post-trial work based on the conclusory contention that this percentage is astonishing.  As the Court previously found, this case involved complex and difficult issues, and the strategies employed by State Auto multiplied Boardwalk's counsel's time expended in this case.  The case proceeded to a seven-day trial and involved difficult damages calculations for the jury that resulted in many lengthy and complicated post-trial

---

[32]In fact, the only post-trial motions initiated by Boardwalk were the motions for attorneys' fees, and the motion to alter or amend seeking prejudgment interest.  All other post-trial motions were filed by State Auto.  The bond amount was raised in both instances by State Auto in its motions to stay execution.  *See* Docs. 416, 440.

[33]*Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 404 F. Supp. 2d 1281, 1284 (D. Kan. 2005).

motions.  In addition to the typical post-trial motions under Rules 50, 54, and 59, the parties filed

motions for determinations on prejudgment interest and remittitur.  At State Auto's request, the

motions were set for oral argument, necessitating more time preparing and arguing these motions

to the Court.

The motions involved novel legal issues and the motion for attorneys' fees was

particularly time-consuming given the four-year length of the case and the fact that the parties

were unable to stipulate to a reasonable amount of fees and expenses.  Boardwalk was required

to file 7 briefs, totaling 112 pages and 76 exhibits on the fee-related matters alone.  Under these

circumstances, the Court cannot find that 23.5% of the hours spent on this litigation on post-trial

matters is a per se unreasonable amount of time and will not further reduce Boardwalk's claimed

fees on this basis.

### B.      Hours Expended on Supplemental Authority Filings

On December 19, 2014, Boardwalk attempted to submit to the Court supplemental

authority in support of its motion for attorneys' fees.  Boardwalk filed an extremely brief, two-

page motion seeking leave to file and attaching the supplemental authority, pursuant to D. Kan.

Rule 15.1.[34]  On January 2, 2015, State Auto responded in a ten-page brief, disputing the

significance of the submitted authority, and pointing Boardwalk to a 2013 local rule amendment

that provides for notice of supplemental authorities by letter, with a 350-word limit, to be filed

on CM/ECF.  Four days later, Boardwalk submitted its supplemental authority in accordance

with D. Kan. Rule 7.1(f).  The Court ruled in a text entry Order that the previously filed motion

---

[34]Doc. 430.

for leave to supplement was moot in light of this filing.

State Auto complains that Husch Blackwell billed its client for time spent filing the motion for leave, and for time spent filing it properly as a notice of supplemental authority. The Court has reviewed the billing records and finds that the 4.8 total hours spent by Boardwalk on submitting its supplemental authority was reasonable in light of the unnecessarily contentious response filed by State Auto. Rather than an example of overbilling, the Court finds this to be a perfect example of its previous finding that the strategies employed by State Auto multiplied the amount of hours expended by Boardwalk during this litigation. This motion did not require a ten-page response, a response that was not only excessive in length if the purpose was simply to point the Court's attention to the proper local rule, but was also apparently designed to circumvent the local rule's 350-word limitation on responding to supplemental authority. The Court declines to reduce Boardwalk's time by the additional 2.2 hours it spent reviewing State Auto's lengthy response, preparing and filing a notice per Rule 7.1(f), and reviewing the Court's order finding the earlier motion moot.

### C.  Duplicative Billing and Overbilling; Hours Expended on Clerical Work

State Auto next argues that the billing records show duplicative billing and overbilling and should be reduced accordingly. State Auto provides two examples that it claims are emblematic of the problem: the supplemental authority motion already discussed, and 2.8 hours spent on an unopposed motion for extension of time filed on August 20, 2014. Associate Attorney Stacey Bowman spent 2.2 hours discussing the requested extension of time with State Auto attorneys and drafting the motion, while paralegal Deborah Ries spent .6 hours reviewing prior docket entries and filing the motion on Ms. Bowman's behalf. This was the first requested

extension of time to file the memorandum in support of the motion for attorneys' fees and the Court declines to find that these hours were per se unreasonable.  Moreover, upon review of the entire billing period presented in the supplemental motion, the Court does not find a pattern of overbilling, nor excessive time spent on routine motions practice.   The Court finds that the hours spent between August 1, 2014 and March 23, 2015, are generally supported by meticulous, contemporaneous time records that show the Court how counsel's time was spent on specific tasks related to this lawsuit.

State Auto also complains that the supplemental billing records continue to be overly redacted and to include noncompensable clerical work.  The Court previously applied a nominal reduction for over-redacted billing entries and for noncompensable clerical work.  The Court is satisfied that Boardwalk's attorneys exercised billing judgment by minimizing their redactions in the supplemental fee application.  They likewise omitted paralegal work that is clerical.  Paralegal fees are compensable when they are "for tasks which would otherwise have been performed by a lawyer."[35]  Although the Court previously found several examples of noncompensable clerical overhead in the original fee request, the Court has reviewed the supplemental billing records and finds that the hours attributed to paralegals were spent on tasks which would otherwise have been performed by a lawyer and therefore need not be reduced.

## D.      Expenses

Boardwalk seeks $1340.82 in non-taxable expenses incurred since August 1, 2014.  The expense categories sought include charges for obtaining billing rate surveys, postage, and Pacer

---

[35] *Erickson v. City of Topeka, Kan.*, 239 F. Supp. 2d 1202, 1208 (D. Kan. 2002).

fees.  State Auto does not object to any of the items included in this request, and the Court finds that all expense items are reasonable, for a total award of $1340.82.

###### E.    Total Award

The Court has considered all of the reasonableness factors set forth in Rule 1.5(a), as well as the submissions by both parties, and finds Boardwalk's requested hours and rates in the supplemental motion are reasonable as modified by the Court.  Boardwalk is therefore awarded the following additional reasonable attorney fees and expenses: $344,665 in reasonable attorneys' fees, and $1340.82. in expenses, for a total supplemental award of $346,005.82.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant State Auto's Motion to Take Judicial Notice of Court Filings and Divestiture of Jurisdiction (Doc. 457) is **denied**.

**IT IS FURTHER ORDERED** that  Boardwalk's Supplemental Motion for Attorney Fees and Expenses (Doc. 450) is **granted**.  **Boardwalk is awarded an additional sum of $344,665 in reasonable attorneys' fees, and $1340.82. in expenses, for a total supplemental award of $346,005.82.**

Dated: July 22, 2015

                              S/ Julie A. Robinson
                              JULIE A. ROBINSON
                              UNITED STATES DISTRICT JUDGE